August Vogt v. J. W. Dorsey.

No. 7418.

**Judgment in Justice Court Held Sufficient.**—Attachment suit against Hensley upon a verified account for a balance of $45.　The property seized was replevied, August Vogt and another being sureties on the bond.　The docket entries were as follows (after the names of the parties):

"Suit upon account for $45, of date of September —, 1886.　Interest.　Filed 10th day of November, 1887.　Citation issued the 10th day of November, 1887, returnable to December Term, A. D. 1887, and placed in the hands of Z. M. Bailey. Mailed to sheriff of ———.　Returned executed 12th day of November, 1887.

"This cause coming to be heard, this the 8th day of December, 1887, and for trial, the plaintiff appearing, and defendant being three times severally called and failing to appear; therefore the court adjudges, decrees, and orders, that

judgment be rendered in favor of J. W. Dorsey, and against defendant Daniel Hensley as principal, and August Vogt and F. J. Koeniger as sureties on replevy bond, for $45 and all costs expended in cause, for which let execution issue.

"Given under my hand, this the 8th day of December, 1887.

[Signed]                                    "J. A. STEWART, J. P."

Execution issued against the parties named in the judgment, and Vogt sought by injunction to restrain the collection. Vogt and Koeniger were sureties in a replevy bond for Hensley. The attachment was not foreclosed. *Held:*

1. That said entry sufficiently showed a judgment against Hensley, the principal.

2. It was harmless error that the justice of the peace was allowed to testify that he intended to render judgment against Hensley.

3. It was proper to render judgment against the sureties in the replevy bond.

4. The docket entry showed service had been had of citation upon Hensley.

APPEAL from Jack. Tried below before Hon. J. W. PATTERSON.

*E. W. Nicholson* and *Sil Stark,* for appellant, cited: Rev. Stats., arts. 170, 180, 181; McCammant v. Baltsell, 59 Texas, 363.

No brief for appellee.

GARRETT, PRESIDING JUDGE, *Section B.* — August Vogt brought this suit to enjoin an execution issued by the justice of the peace of Precinct No. 2, Jack County, on a judgment against him as surety on a replevy bond, in favor of J. W. Dorsey, and to restrain the sale of certain personal property belonging to the appellant, which had been levied upon by virtue of said execution.

The appellee, Dorsey, had sued one Daniel Hensley before said justice of the peace, and attached some of his property, which Hensley replevied, with Voght and another as sureties upon his replevy bond.

A preliminary injunction was granted by the judge in chambers, but on trial by the court without a jury, the injunction was dissolved, the sheriff ordered to proceed with the execution of the writ, and judgment was rendered against the appellant for costs.

Appellant sought to enjoin the execution, because, as he contended, no judgment had been rendered against Hensley on the account sued on, and there could be none against him as surety on the replevy bond without a judgment having first been rendered against his principal, Hensley; also, because Hensley had not been cited to appear, and no evidence had been introduced on the trial of the cause in the Justice Court. The same grounds are now relied upon for a reversal of the judgment of the court below.

The suit against Hensley was upon a verified account for a balance of $45, and the entry upon the justice's docket is as follows:

"*J. W. Dorsey, Plaintiff, v. Daniel Hensley, Defendant—No. 35.*—
Suit upon account for $45, of date September —, 1886. Interest. Filed
the 10th day of November, 1887. Citation issued the 10th day of No-
vember, 1887, returnable to December Term, A. D. 1887, and placed in
the hands of Z. M. Bailey. Mailed to sheriff of ———. Returned exe-
cuted 12th day of November, 1887.

"This cause coming to be heard, this the 8th day of December, 1887, and
for trial, the plaintiff appearing, and defendant being three times sev-
erally called and failing to appear; therefore the court adjudges, de-
crees, and orders, that judgment be rendered in favor of J. W. Dorsey,
and against defendant Daniel Hensley as principal, and August Vogt and
F. J. Koeniger as sureties on replevy bond, for forty-five ($45) dollars
and all cost expended in cause, for which let execution issue.

"Given under my hand, this the 8th day of December, 1887.

"J. A. STEWART, J. P."

There is also a cost bill accompanying the entry of suit and judgment,
which shows items of cost for issuance of attachment, levy of same, and
taking replevy bond.

We think that the entry of the judgment is sufficient to show that a
judgment was rendered against the defendant Hensley for the account
sued on. It was not necessary that the attachment lien should be fore-
closed, and it was proper to render judgment against the sureties on the
replevy bond in the judgment against the plaintiff. Rev. Stats., arts.
170, 180, 181; Friberg v. Elliott, 64 Texas, 367.

The transcript from the justice's docket shows that service of citation
was had. When an account has been duly verified, judgment by default
may be entered therein without other evidence. The account sued on was
one for ten cows and calves and credits, itemized as follows:

*Daniel Hensley to J. W. Dorsey:*                     September, 1886.

### Dr.

| | |
|---|---|
| To ten cows and calves........................... | $150 00 |

### Cr.

| | | |
|---|---|---|
| Credit one mule................................ | $50 00 | |
| By cash ...................................... | 25 00 | |
| Rent of land.................................. | 30 00 | —$105 00 |
| | | $45 00 |

It was such an account as when verified as required by the statute
would support a judgment by default.

There was no material error in permitting the justice of the peace, J.
A. Stewart, to testify that he intended the entry on his docket to be a

final judgment, and intended to render judgment against Daniel Hensley in favor of J. W. Dorsey on the account sued on, because the entry sufficiently shows for itself that it is a judgment against the defendant Hensley for the account sued on, and is final.

It is unnecessary to notice appellee's cross-assignments of error on the action of the court in overruling his exceptions to the petition.

The judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 31, 1892.