DAN PLOWMAN v. W. M. EASTON.

Delivered January 16, 1897.

**1. Garnishment—Liability of Garnishee After Replevin.**

Where, in a suit aided by garnishment before judgment, the defendant replevies the fund from the garnishee by giving bond under article 225, Revised Statutes of 1895, the garnishee, after such replevy, remains a nominal party, and upon his answer the liability is determined, and a nominal judgment only should be rendered against him, ascertaining the amount due and showing that the fund had been replevied, and that no execution should be awarded against such garnishee.

**2. Same—Summary Judgment Against Sureties on Replevy Bond.**

Where, in a suit aided by garnishment, the defendant replevies the fund from the garnishee, summary judgment cannot be entered against the sureties on such replevy bond until they are made parties by proper process.

**3. Same—Amount of Judgment Against Garnishee.**

In an action aided by garnishment the plaintiff made affidavit that the garnishee was justly indebted to him in the sum of $630, but did not in any other manner describe the nature of his claim. His judgment against the defendant, which included interest on the debt, was for $765, with costs of suit. Held, that as such amount did not exceed the amount due to defendant by the garnishee, plaintiff was entitled to judgment against the garnishee for the full amount of his judgment, and was not restricted to the amount stated in the affidavit.

**4. Same—Judicial Notice.**

In an action of garnishment, the court will take judicial notice of the judgment rendered in the main case.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*J. H. Randell* and *Wilkins & Vinson,* for appellant.

[No brief for appellee reached the Reporter.]

LIGHTFOOT, CHIEF JUSTICE.—Appellee has filed no brief, and we adopt the statement of appellant. The conclusions of the court below are as follows:

"1. On March 7, 1895, in cause No. 8331 on the docket of the District Court of Grayson County, styled Dan Plowman v. A. B. Person, the plaintiff Dan Plowman filed an affidavit and bond for writ of garnishment, to be served on W. M. Easton, the garnishee in this cause. The writ of garnishment was duly issued, and was served on said W. M. Easton on March 9, 1895. In his affidavit for the writ of garnishment, the said plaintiff deposed that the said A. B. Person was justly indebted to him in the sum of $630, but did not in any other manner describe the nature of his claim.

"2. On March 17, 1895, the said garnishee W. M. Easton filed his answer herein, in which he stated that he, Easton, had recovered a judgment against the Texas and Pacific Railway Company for $8000 on October ——, 1890, in the District Court of Grayson County, Texas, from which said judgment said railway company had perfected an appeal; that said judgment was affirmed by the Court of Civil Appeals for the Second Supreme Judicial District on February ——, 1895; that said judgment had not been paid, but that when the said judgment was paid, the said A. B. Person would be entitled to one-fourth of the amount paid on said judgment.

"3. On October 2, 1895, the plaintiff Dan Plowman recovered a judgment in the District Court of Grayson County, Texas, against A. B. Person in his said suit for the sum of $765.52, with interest from the date of said judgment at the rate of 12 per cent per annum, and costs of suit, amounting to $24.90, which said judgment is now and was at the time of the trial of said cause still in full force and effect, and unpaid.

"4. On May 8, 1895, the said A. B. Person executed a bond in the sum of $1400, with Thomas Grace and L. B. Moore as sureties, payable to the said Dan Plowman, conditioned that the parties to the said bond would pay any judgment that might be rendered against the garnishee, said bond having been executed in pursuance of the statute then in force, being the same statute as that set forth in article 225 of the Revised Statutes of Texas now in force. Said bond was properly approved and filed in this court among the papers of this cause.

"5. The said judgment obtained against the Texas and Pacific Rail-

way Company by W. M. Easton, garnishee herein, has long since been paid, to-wit, on May 8, 1895, and after the filing of the said bond by Person and his sureties. The railway company paid to Easton three-fourths of the amount of said judgment, and under the direction of Easton, paid to Person the remaining one-fourth thereof, being $2000, and interest.

"8. Dan Plowman has never caused Thomas Grace and L. B. Moore, sureties of A. B. Person on his indemnity bond, to be made parties to this cause, nor has any process whatever been issued or served on them herein, nor have they or either of them ever appeared in this court. Yet, on January 6, 1896, said Plowman filed a motion in this cause in which he set forth the fact that he had obtained said judgment against Person; that he had sued out and caused to be served on said Easton the writ of garnishment; that the garnishee had made said answer that A. B. Person had filed said bond for $1400, with said sureties, and that the Texas and Pacific Railway Company had paid the judgment which Easton had recovered against it, and praying for judgment in his, Plowman's, favor against the sureties on the bond. No notice whatever of this motion was ever issued or served upon said sureties, nor did they or either of them appear thereto.

"7. The court in this cause rendered a judgment in favor of the plaintiff Dan Plowman and against the garnishee, W. M. Easton, but refused to render judgment against the sureties, Thomas Grace and L. B. Moore."

Under the first and second assignments of error complaint is made, that the court refused to render judgment against the sureties on Person's replevy bond, they not having been made parties or entered their appearances, and that judgment was rendered against the garnishee alone.

We find no error of which appellant can complain under either of the above assignments. If appellant desired judgment against the sureties on the bond of A. B. Person, such sureties should have been made parties to the proceeding, as the statute under which the bond was given does not provide for summary judgment against them. Rev. Stats., art. 225; 1 Texas Civ. Prac. (Sayles'.)

Under the second assignment appellant notifies us that he does not complain of the judgment against Easton, except in amount; but requests that in the event of a reversal of the judgment, we determine whether a judgment against the garnishee would be proper under the statute.

Under Revised Statutes, article 225, it is provided that after service of the writ of garnishment it shall not be lawful for the garnishee to pay to defendant any debt or to deliver to him any effects, "provided, however, that the defendant may at any time before judgment replevy any effects, debts, shares or claims of any kind seized or garnished by giving bond with two or more good and sufficient sureties to be approved by the officer who issued the writ of garnishment, payable to the plaintiff in double the amount of the plaintiff's debt, and condi-

tioned for the payment of any judgment that may be rendered against said garnishee in.such suit, which bond, when properly approved, shall be filed among the papers in the cause, in the court in which the suit is pending; and in all proceedings in garnishment where the defendant gives bond as herein provided for, such defendant may make any defense which the defendant in garnishment could make in such suit."

Under this statute it is clear, that, notwithstanding the replevy of the fund by the defendant, still the garnishee is to remain a nominal party to the suit, and the condition of the bond is the payment of any judgment that might be rendered against the garnishee. The intention of the Legislature that the garnishee is only a nominal party, becomes manifest from the latter part of the section, which provides that the defendant may make any defense which the defendant in garnishment could make to such suit.

In the case of City of Dallas v. Western Electric Co., 83 Texas, 245, the question was suggested by the Supreme Court, although not directly involved, and Judge Henry said: "If the city was subject to the writ of garnishment, it may be very well questioned whether a judgment against it for the debt was proper after it had in obedience to the law paid the money to the debtor upon his giving security to the plaintiff." But the Supreme Court declined to pass upon the issue, because it was not directly involved.

The statute is peculiarly worded, and must be construed in accordance with the legislative intent. Under it the garnishee, after a replevy of the fund, is a nominal party, and upon his answer the liability is determined, and a nominal judgment only should be rendered against him, ascertaining the amount due, showing that the fund had been replevied and that no execution could be awarded against such garnishee, so that he would be fully protected by the bond, and if the bondsmen are made parties by proper process, judgment should be entered against them for the amount ascertained against the garnishee, and the proper process awarded for its enforcement.

The third assignment of error is as follows: "The court erred in refusing to render judgment against the garnishee and the sureties on the bond of defendant in garnishment, or either of them, for the full amount of the principal, interest and costs of the judgment recovered by plaintiff in garnishment in the District Court of Grayson County against the defendant in garnishment on October 2, 1895, in cause No. 8331, being Dan Plowman v. A. B. Person, and in rendering judgment only for the amount set forth in the affidavit for garnishment and interest thereon at 12 per cent, and costs of said suit No. 8331."

Under this assignment, appellant complains of the amount of the judgment rendered in his favor.

In the affidavit for the writ of garnishment which was filed in the case of Plowman v. Person, it appears from the conclusions of the court below, that "the plaintiff deposed that A. B. Person was justly indebted to him in the sum of $630, and did not in any other manner

describe the nature of the claim." The writ of garnishment was sued out under the second subdivision of article 217, Revised Statutes, which provides for its issuance, "where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not, within his knowledge, property in his possession within this State, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee."

The section of the statute providing for judgment against the garnishee is as follows: "Should it appear from the answer of the garnishee, made in either of the modes provided for in this chapter, or should it be made otherwise to appear as hereinafter provided, that the garnishee is indebted to the defendant in any amount, or was so indebted when the writ of garnishment was served, the court shall render judgment for the plaintiff against the garnishee, for the amount so admitted, or found to be due to the defendant from the garnishee, unless such amount shall exceed the amount of the plaintiff's judgment against the defendant, with interest and costs, in which case it shall be for the amount of such judgment, interest and costs." Rev. Stats., art. 239.

From this it is clear that the amount of the judgment to be rendered against the garnishee shall be the amount of the judgment, interest and costs recovered by the plaintiff in the suit against the defendant, unless such amount should exceed the sum shown to be due by the garnishee. In this case the sum shown to be due by the garnishee was largely more than the plaintiff's judgment.

In a garnishment which is ancillary to and part of the main case (as in this case), the court is bound to take judicial notice of the judgment rendered in the main case, and the answer of the garnishee showing more than enough to pay the judgment, interest and costs, this should be the measure of recovery. Kelley v. Gibbs, 84 Texas, 147; Farrar v. Bates, 55 Texas, 193.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*