## THOMAS TINSLEY V. A. C. ARDREY ET AL.

### Decided June 25, 1901.

**1.—Garnishment—Replevin Bond.**

Where the defendant in an action in which a writ of garnishment has been issued and served executes to the plaintiff a replevin bond conditioned, as required by the statute, for the payment of any judgment that may be rendered against the garnishee, the effect of such bond is to release the garnishee from liability to the plaintiff in garnishment, and a judgment thereafter entered against him as garnishee is unauthorized.

**2.—Same—Limitations—Maturity of Obligation.**

Where defendants, having been garnished for a debt they owed T., executed to him an instrument in writing agreeing to pay him the amount of such debt upon their discharge from all liability in such garnishment, and T. executed a statutory replevin bond in the garnishment proceeding, this had the effect, since it released the garnishees from all liability as such, to at once mature such written obligation, and an action begun thereon more than four years afterwards was barred by limitation.

Appeal from Dallas. Tried below before Hon. T. F. Nash.

*L. W. Campbell,* for appellant.

*J. J. Eckford,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by Thomas Tinsley against A. C. Ardrey and Guy Sumpter on the 25th day of May, 1899, in the District Court of Dallas County to recover judgment on the following instrument of writing:

Vol. 26 Civil—36.

"$3000.                                        DALLAS, Texas, May 16, 1891.

"Upon our discharge from all liability in the suit of H. C. Penniman v. Sumpter, Ardrey & Prather, garnishees of Thomas Tinsley, now pending in the District Court of Dallas County, Texas, we promise to pay to the order of Thomas Tinsley three thousand dollars, with interest at the rate of 10 per cent per annum from date, payable at the City National Bank, Dallas, Texas. The consideration of this agreement is the credit given us by Thomas Tinsley on our note to him for nine thousand one hundred and sixty-six and 66-100 dollars, dated March 19, 1888, the balance of said note having been this day paid.

                                        "PRATHER, ARDREY & SUMPTER."

Plaintiff asked for judgment for $3000, the face of said instrument, with interest thereon at the rate of 10 per cent per annum from date and costs of suit. The defendants answered by exception and general denial and special answer, as follows:

"That the obligation sued on was a mere memorandum of a part and portion of a parol agreement, made between appellant and appellees and Prather. That at the time the parol agreement was entered into, Prather, Ardrey & Sumpter were indebted to said Tinsley in about the sum of $30,000.

"That in a suit No. 8216, H. C. Penniman v. Thos. Tinsley, in District Court, Dallas County, Fourteenth Judicial District, plaintiff had sued Thomas Tinsley and garnished Prather, Ardrey & Sumpter, which garnishment suit was No. 8218, Penniman v. Prather, Ardrey & Sumpter. That on said May 16, 1891, Prather, Ardrey & Sumpter paid said Tinsley everything they owed him but $3000, and it was then and there agreed that if Tinsley could defeat Penniman in the said garnishment suit and relieve Prather, Ardrey & Sumpter, they would pay him the $3000, but in the event he failed to do so, they were to apply the $3000 in settlement of their liability, and in such event, they would owe Tinsley nothing, and that Tinsley failed to relieve them, and they had to pay the judgment obtained against them by Penniman in the said garnishment suit. Appellees further alleged that it was agreed between them and Tinsley that they were to hold the $3000 until it was determined in said garnishment suit to whom it belonged, whether to Tinsley or Penniman.

"Appellees further answered by sworn plea that if it be held that said written memorandum by its terms entitled said Tinsley to 10 per cent interest, then as to interest it was a naked promise without consideration, and that the consideration had failed; setting up said garnishment suit 8218, the serving of said writ of garnishment in August, 1888, its binding force at time written memorandum was given, and that on June 1, 1895, they had to pay the judgment obtained by H. C. Penniman in said cause No. 8218 against them as garnishees. Appellees also plead statutes of two and four years limitation.

"Appellees also plead that the said garnishment judgment in cause No. 8218, rendered October 18, 1892, was by the act of said Tinsley in appealing by supersedeas bond from the judgment rendered October 18, 1892, in cause No. 8216, Penniman v. Tinsley, which was the original suit out of which writ of garnishment issued against appellees and docketed No. 8218, suspended until February 5, 1895, when the judgment in the cause No. 8216 appealed from was affirmed, and mandate entered in District Court, and that by reason of said acts of Tinsley, garnishees were compelled to pay the sum of $471.50 accumulated interest on the judgment against them, and they prayed for judgment over against Tinsley for said sum of $471.50.

"Judgment was rendered in favor of appellant for the sum of $1077.10, to which both plaintiffs and defendants excepted."

The plaintiff prosecuted an appeal to this court. Both parties have assigned errors to the judgment of the trial court. This case was tried without the intervention of a jury.

*Conclusions of Fact.*—On May 16, 1891, and prior thereto, the defendants Ardrey & Sumpter, and one W. H. Prather, now deceased, were indebted to the plaintiff, among other things, in the sum of $9166.66 evidenced by their note, bearing date March 19, 1888, which note was given as part of the purchase price for certain lands situated in Dallas County, Texas.

On May 13, 1890, one H. C. Penniman, claiming that the plaintiff, Thomas Tinsley, was indebted to him in the sum of $2270.90, besides interest, instituted suit against the said Thomas Tinsley in the District Court of Dallas County, as shown by cause No. 8216, praying judgment against said Tinsley for said amount.

On the same day said Penniman caused to be issued out of said suit a writ of garnishment against the defendants in this cause, Ardrey and Sumpter, and one W. H. Prather, claiming that they were indebted to the plaintiff, Tinsley. Upon the filing of said garnishment proceeding, writs of garnishment were duly issued and served upon the garnishees.

Afterwards, on May 16, 1891, while said garnishment proceedings were pending, the defendants in this case and W. H. Prather executed and delivered to the plaintiff the instrument sued on. On October 18, 1892, judgment was rendered in the original suit out of which the garnishment proceedings issued in favor of Penniman v. Tinsley for the sum of $3019.74, from which judgment the defendant, Tinsley, prosecuted an appeal by supersedeas bond to the Court of Civil Appeals, and on the 5th day of February, 1895, said judgment was reformed and affirmed for the sum of $2995, with 6 per cent interest from the 18th day of October, 1882, and all costs of the lower court.

On July 24, 1891, the said Thomas Tinsley, as defendant in said original suit of Penniman v. Tinsley, No. 8216, filed in said garnishment case of Penniman v. Prather et al., his replevin bond in the sum of $3000, with J. W. Mann and J. K. Rose as sureties thereon, which was

on the same day duly approved by the clerk of said court, and was on file when said garnishment case was tried.

That afterwards, on October 18, 1892, said cause of Penniman v. Prather and others, No. 8218, being said garnishment case, was tried and judgment was rendered in favor of the said Penniman against the defendants for the sum of $3000, with interest thereon at the rate of 6 per cent per annum from the date of said judgment, and $50 attorney's fees. No appeal was ever taken from said judgment, and it remained unpaid by the defendants until on or about June 1, 1895, when the defendants paid into the registry of the court, or to the clerk, in satisfaction of said judgment, the sum of $3471.50, which sum was on the same day paid by the clerk of said court to attorney for H. C. Penniman, the plaintiff in said garnishment proceeding.

Although said replevin bond had been approved and filed, no notice thereof was taken in the judgment which was rendered in said garnishment proceeding, and said replevin bond was entirely ignored by the said Prather, Ardrey & Sumpter when they settled the same.

*Opinion.*—Appellant contends that when he tendered his replevin bond in the garnishment case and it was approved and filed by the clerk, appellant and his sureties became parties to the garnishment suit, and as the judgment therein ignored them and was rendered only against the original garnishees, it was not a final judgment, and payment made thereon by the garnishees was without authority of law and could not constitute a payment of the indebtedness owing by them to appellant. The soundness of this contention depends upon the construction to be placed upon the statute authorizing the replevin proceedings. By the terms of the statute the defendant was authorized to replevy the debt garnished, by giving bond with two or more good and sufficient sureties to be approved by the officer who issued the writ of garnishment, payable to the plaintiff, in double the amount of the plaintiff's debt, and conditioned for the payment of any judgment that may be rendered against the said garnishees in such suit, which bond, when properly approved, shall be filed among the papers of the cause in the court in which the suit is pending. Rev. Stats., art. 225.

The statute seems to have been complied with, literally, by the appellant, the owner of the debt garnished. It is held that when this statute has been complied with, the garnishee ceases to be the real party to the proceedings, but remains a nominal party for the sole purpose of determining whether or not the effects in his hands are subject to the writ. The defendant and the sureties upon his replevin bond are held to be the real parties to the proceeding, and the statute provides that such defendant may make any defense which the defendant in garnishment could make in such suit. Rev. Stats., art. 225; Seinsheimer v. Flanagan, 17 Texas Civ. App., 427; Plowman v. Easton, 15 Texas Civ. App., 304; City of Dallas v. Western Electric Co., 83 Texas, 243.

By the force of the statute, upon the approval and filing of a replevin

bond, such bond takes the place of the debt garnished.  From that time the plaintiff in garnishment proceeds against the bondsmen.  It was the duty of the plaintiff in garnishment to call the court's attention to the bond and see that judgment was rendered in accordance with the statute.  If the debt is subject to garnishment, the judgment must go. against the bondsmen, and execution issues against them.  The judgment in this case was not so rendered.  The bond was not called to the attention of the court.  In the view we take of the case it is unnecessary to decide whether or not payment of this judgment could be set up by the garnishees to defeat a recovery in a suit by Tinsley for the debt garnished.

We are of opinion that the effect of the approval and filing of the replevin bond was to relieve the garnishees from liability to the plaintiff in garnishment.  As before stated, the bondsmen became the real parties to the suit, and the garnishees remain nominal parties only.  The giving of the replevin bond in effect discharged them from their liability to the plaintiff in garnishment, and matured the instrument sued on. The appellant's cause of action upon said instrument then accrued.  He was then entitled to enforce payment of the contract.

The bond was filed and approved July 24, 1891.  This suit was instituted May 25, 1899.  The defendants plead the statutes of limitations of four years, and contended in the trial court that they were not liable because more than four years had elapsed after the accrual of plaintiffs' cause of action before the filing of the suit.  The court overruled this contention and rendered judgment for appellant for the difference between the amount paid by them to satisfy the judgment in garnishment and the amount found by the court to be due on the contract sued on.

Appellees have cross-assigned error in this court in which they contend that the court erred in not sustaining their plea of limitations.  It follows from what we have already said that this contention is sound. We conclude that plaintiff's cause of action was barred by the statute of limitations of four years, and the court erred in not so holding.  The judgment will be reversed and here rendered for appellees.

*Reversed and rendered.*

Writ of error refused.