### J. R. WALLACE v. FIRST NATIONAL BANK OF GALLATIN.

Application No. 3159. Decided December 2, 1901.

**1.—Attachment—Abatement—Waiver.**

Where three years elapsed between the appearance of defendant in a case and the filing of a plea in abatement of the attachment for insufficiency of the bond, the delay was properly held a waiver of the defect. (P. 106.)

**2.—Same—Order of Pleading.**

In refusing a writ of error in this case, the ruling of the Court of Civil Appeals that the right to plead in abatement of a writ of attachment is lost by first answering to the merits is disapproved. (P. 104, 105.)

**3.—Same.**

The rule as to order of pleading prescribed by article 1262, Revised Statutes, refers only to pleadings interposed to defeat plaintiff's recovery; the statute does not embrace motions to quash and pleas to abate the writ of attachment. Drake v. Brander, 8 Texas, 353, followed, and Hart v. Kanady, 33 Texas, 720, overruled. (P. 105.)

Application for writ of error to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

*Wear, Morrow & Smithdeal,* for petitioner, among other grounds for the writ, assigned: Sixth. The Court of Civil Appeals erred in holding that the plea seeking to quash the attachment on the ground of the insufficiency of the sureties on the bond was waived by an answer to the merits of the suit.

Our proposition is this: that in an attachment proceeding an answer to the merits, or rather a general denial such as was filed in this case, does not put in issue the attachment proceeding in any sense. It was held in the case of Cloud v. Smith, 1 Texas, 611, that an answer does not traverse the attachment proceeding. In that case the principle is announced that an attachment is an auxiliary proceeding, which principle has been adhered to by subsequent decisions of our courts. Dunnenbaum v. Schram, 59 Texas, 286; Hillebrand v. McMahan, 59 Texas, 454; Lewy v. Fischl, 65 Texas, 319; Dwyer v. Testard, 65 Texas, 435; Bear v. Marx, 63 Texas, 303. We contend that when the defendant filed a general denial in the case at bar he simply denied, or put the plaintiff upon proof of the existence of the judgment which he sued upon, and that by this plea he waived any question as to the jurisdiction of the court to try the suit, but that further than this nothing was waived, and that the general denial filed had no application to the attachment proceeding. The elementary authorities cited by appellant and referred to in the opinion of the court are based upon cases arising in jurisdictions where it has been held that a plea to the merits does traverse the attachment proceeding, and such authorities sustain the proposition that not only a plea in abatement but a motion to quash must be filed before answer to the merits. These authorities have no application under our system of practice. It has long been held in this State that a motion to quash may be made after plea to

the merits. Drake v. Brander, 8 Texas, 351, and cases following it. The citation from Shinn on Attachments, referred to in the opinion and quoted in Caldwell v. Lampkin, where the expression is found, "where the defendant is dissatisfied with the sureties on the bond he should at once raise the objection," etc., is based upon a statute or a practice which permits the bond to be amended, while in our State no such practice prevails. Lumber Co. v. Warren, 78 Texas, 318. Our statute (Batts' Revised Statutes, article 193) provides: "Every original attachment issued without affidavit and bond as herein provided shall be abated on motion of the defendant." Now, suppose an attachment writ were issued without bond; would not the defendant, under this statute, after having answered to the merits by filing a general denial, have a right to set up as a fact that no bond for attachment had been filed, and abate the action? If he could set up these facts after answer, why could he not set up the fact that the bond, while good in form, was in fact insufficient. The only authority in this State which tends to negative this right is the case of Hart v. Kanady, 33 Texas, 720. An examination of the opinion in that case discloses the fact that the case was reversed upon other grounds.

BROWN, Associate Justice.—In order that our ruling upon this application may be understood, we make the following statement of the case: The defendant in error sued J. R. Wallace in the District Court of Hill County to recover upon a judgment of a chancery court of the State of Tennessee, and Wallace being a nonresident, attachment was sued out and levied upon lands situated in Hill County. Wallace appeared and answered to the original suit, and three years thereafter filed a plea in abatement to the writ of attachment, charging that the sureties upon the attachment bond were not solvent for the amount of the bond. There was also a motion to quash the attachment on various grounds not necessary to notice here. The trial court quashed and abated the attachment, rendering judgment in favor of the plaintiff against Wallace for the amount of the debt. The bank appealed to the Court of Civil Appeals, which reversed the judgment of the District Court so far as it set aside the attachment and entered judgment foreclosing the attachment lien upon the land.

In refusing the writ of error, we do not approve that portion of the opinion of the Court of Civil Appeals which holds that the plea in abatement to the attachment came too late because it was filed after the plea to the merits. In Drake v. Brander, 8 Texas, 353, this question was decided by this court and we here quote and approve the language of Judge Lipscomb, which clearly states the ground of the decision: "If these exceptions had gone to the plaintiffs' right of action, they ought to have been overruled, as the statute giving the defendant the privilege in his answer 'to plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause,' has this proviso, 'that he shall file them

all at the same time and in due order of pleading.' See Dig., art. 688. To allow an exception to the action after full answer on the merits would be entirely to disregard this proviso, as in the order of pleading no exception to the action can be made after an issue to the country on the merits of the plaintiff's petition. All exceptions that would go to the action should be presented first. But this exception, under our practice, does not go to the action, and the plaintiff could still have gone on with his suit if the bond had been quashed. The most that could have been claimed by the defendant would have been a discharge from the attachment and the levy made under it. The cause of action set out in the petition would have been left unaffected by the decision on the insufficiency of the bond required by law for obtaining the auxiliary writ of attachment. The defendant had a right, therefore, to attack the sufficiency of the bond after he had answered to the merits and joined issue on the averments of the indebtedness contained in the petition."

Hart, Wiggin & Co. v. Kanady, 33 Texas, 720, upon which the Court of Civil Appeals rests its decision, suggests that the plea in abatement should have been disregarded because it was filed after a plea to the merits, but the case was in fact reversed and remanded upon other grounds which the court stated thus: "We must not be understood as holding in this opinion that a motion to quash or dismiss an attachment can not be made in limine, but such a motion is directed to the legal mind of the court, and is based upon matter apparent on the record, whilst a plea in abatement raises questions of fact not apparent from the record and must be inquired of by a jury." Whatever the first clause of the above sentence may mean, we understand from the last that the court intended to limit its ruling to the proposition that the plea in abatement presented a question of fact which should have been submitted to the jury. If the plea in abatement was too late, it could not have been considered at another trial, and the court would not have remanded the case, but would have reformed the judgment of the District Court so as to foreclose the attachment lien. If, however, it was intended to hold adversely to the case of Drake v. Brander, then, to the extent of the conflict, we overrule the case of Hart v. Kanady.

The order of pleading in our courts is prescribed by the following article of our Revised Statutes: "Art. 1262. The defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause; provided, that he shall file them all at the same time, and in due order of pleading." The language plainly refers to pleading interposed by a defendant to the plaintiff's right of recovery and does not embrace motions to quash and pleas which seek to abate the writ of attachment. Pleas to the merits present no defense against the foreclosure of the writ of attachment nor in any way bring in question the validity of the proceedings by which the writ was issued. The

line of procedure by a defendant as to the two matters in entirely distinct and separate, and the one does not in any way depend upon the time nor order in which the other may be presented. ·

We are of opinion, however, that the Court of Civil Appeals was fully justified by the facts in holding that the length of time which elapsed between the appearance of the defendant in this case and the filing of the plea in abatement was so great as to constitute of itself a waiver of the alleged defect in the bond. Such objection should be presented with reasonable diligence, for a failure to do so would work many inconveniences and embarrassments in the prosecution of suits in the courts, and it must be hold that so great delay operates to bar the defendant from interposing an objection of this character. The application for writ of error is refused.

*Writ of error refused.*