FLEMING & FLEMING v. B. F. PYE ET AL.

Decided May 9, 1906.

**1.—Garnishment—Replevy Bond—Defendant Debtor not Estopped to Quash Writ.**

A defendant debtor who has obtained possession of the garnished fund by giving a replevy bond is not estopped thereby from moving to quash the writ of garnishment. The statute expressly authorizes him to make any defense that the garnishee could make.

**2.—Same.**

Sayles' Revised Statutes, art. 225, construed. Jones v. Bull, 90 Texas, 194, distinguished.

Appeal from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*Teagle & Conley* and *G. P. Daugherty,* for appellants.—The writ of garnishment is fatally defective because it did not specify any certain date or time for the garnishee to answer, it lacks the statutory requirement for the garnishee to appear and answer on the first day of the ensuing term. Rev. Stats., art. 220; Curtis v. Henrietta Nat. Bank, 14 S. W. Rep., 614; Rev. Stats., art. 223; Wright v. Wilmot, 22 Texas,

398; Caspary v. Greely-Burnham Co., 3 Texas App. Civ. Cases, 175; Hendley v. Baccus, 32 Texas, 328.

When the defendant in the original action has replevied money he can make any defense to the garnishment suit which the garnishee can make. Sayles' Rev. Stats., art. 225; Ball v. Bennett, 21 Texas Civ. App., 400.

Garnishment rests wholly on judicial process and depends on the due pursuits of the steps prescribed by law for its prosecution. It can derive no aid from the voluntary acts of the garnishee. Drake on Attach. (5th ed.), par. 451b; Insurance Co. of North America v. Friedman, 74 Texas, 56; Ball v. Bennett, 21 Texas Civ. App., 400.

*Xavier Ryan,* for appellee.—Appellants are estopped from denying their liability upon the replevy bond because said bond was executed by them for the fraudulent purpose of obtaining possession of effects over which the court already had jurisdiction, and the title to which was in controversy, and thereby remove said effects beyond the jurisdiction of the trial court, and beyond the reach of any judgment the court might render in favor of appellee; and because appellants, by the execution of said bond, did so remove said effects beyond the limits of this State in furtherance of such fraud and conspiracy. Jones v. Bull, 90 Texas, 194.

JAMES, CHIEF JUSTICE.—This is an appeal by Fleming & Fleming from a judgment rendered against them on a replevy bond which they gave to secure possession of a fund that had been garnisheed in the hands of the Park Bank & Trust Company of Beaumont. In the main case Fleming & Fleming and the Gilbert Book Company were sued for a debt and the writ of garnishment was issued to the said Bank & Trust Company requiring it to answer what it was indebted to said defendants or either of them. This writ commanded the Bank & Trust Company "to be and appear before the said court at the next term thereof to be held in Beaumont in said county on the —— day of ——, A. D. 1905, then and there to answer under oath," etc.

The garnishee appeared and answered. The Gilbert Book Company undertook to appear in this garnishment proceedings, for the purpose of filing a motion to quash the writ of garnishment. The court did not permit them to appear, but no appeal has been taken by the Gilbert Book Company to this action of the court. Fleming & Fleming, who had given the replevy bond, appeared and made a motion to quash the writ which was entertained and overruled, the ground of the motion being that it was defective in that it did not mention any certain time or date for the garnishee to make its answer. Fleming & Fleming have appealed and among other things assign as error this ruling of the court, contending that the writ was void and that the court, therefore, had no basis for the judgment rendered.

Accompanying this opinion, is an opinion by this court, on an appeal in the main case, wherein we hold, giving full reasons therefor, that the writ was defective and not sufficient, under our statute, to subject the fund. The Gilbert Book Company v. B. F. Pye (this day decided). The legal consequence of this view of the law is to require the judgment

to be rendered in favor of Fleming & Fleming, as they appear to have been dismissed from the main case, and are to be held, if at all, by force of the writ of garnishment. Article 225, Sayles' Revised Statute, provides that "in all proceedings in garnishment where the defendant gives bond as herein provided for, such defendant may make any defense which the defendant in garnishment could make in such suit."

In this connection appellee contends (citing Jones v. Bull, 90 Texas, 194, in support of the contention) that Fleming & Fleming recognized the validity of the writ long enough to execute the replevy bond, and to obtain thereby the fund and place it beyond the jurisdiction of the court, and ought not to be permitted to perpetrate a fraud upon the court and upon the rights of the appellee.

The case of Jones v. Bull was where a claimant's bond had been given with respect to some gin machinery, the claimant taking same and converting it. When sued on the bond the sureties denied liability upon the ground that the machinery was a part of the realty and the bond which they had given was for personal property. This they were not permitted to do, and among other reasons given by the Supreme Court, it was stated that having given the bond and procured the possession of the property by means thereof, Bull and his sureties would be estopped to deny that the property was of the character that gave the court jurisdiction to administer the proper remedies in reference to it.

In the present case Fleming & Fleming were defendants, and as defendants gave the replevy bond, which entitled them by express provision of the statute to make any defense which the garnishee could have made. This right extended to any valid ground for quashing the writ of garnishment. When the replevy bond was given it stood for the fund, and it matters not what Fleming & Fleming did with the money afterwards. They had taken it as theirs, giving the statutory bond in place of it. The liability was shifted from the garnishee to them. They were not denying the validity or effect of their replevy bond, nor its application to the fund. It can not be held that they were estopped from doing the very thing which the statute expressly permitted them to do, as the effect of giving the bond and taking the money. It was not admissible to look into what disposition they made of the fund after replevying it, for the purpose of estopping them from making defenses which the statutes gave them a right to make.

The judgment is reversed and judgment here entered in favor of appellants, quashing and dismissing the writ.

*Reversed and rendered.*