GRISWOLD v. TARBELL et al.   (No. 1952.)

(Court of Civil Appeals of Texas. Amarillo. April 19, 1922. Rehearing Granted May 24, 1922.)

1. Garnishment ⬷═93—Writ not naming return day is defective.

A writ of garnishment in which the day of the month on which it was returnable was left blank was defective under Vernon's Sayles' Ann. Civ. St. 1914, art. 274, requiring the writ to summon the garnishee to appear before the court on the first day of the ensuing term.

2. Garnishment ⬷═194 — Delay of two years before objecting to defects is a waiver.

A delay of two years before objecting to defects in garnishment proceedings should, as a general rule, be held a waiver of such defects.

3. Garnishment ⬷═97—Omission of clerk's seal is waived by a failure to except on that ground.

The failure of the clerk to authenticate the signature to a writ of garnishment by his official seal is merely a formal defect which is waived by the failure of defendant to except on that ground.

On Motion for Rehearing.

4. Appeal and error ⬷═82(3)—Judgment setting aside former judgment and quashing garnishment held final.

A judgment which sets aside a former judgment rendered against the garnishee and against the defendant and sureties on the latter's replevy bond, quashes the writ of garnishment, and releases the defendant and the sureties from all liability on the bond and taxes the cost against the plaintiff is a final disposition of plaintiff's demand for a judgment against the garnishee and upon the replevy bond, from which an appeal will lie.

5. Garnishment ⬷═199—After citation to defendant, replevy bond waives defects in writ.

Though a garnishee cannot waive any defects in the writ, and an answer to the writ by the defendant who had not been served with citation in the main suit does not waive the citation and service, a defendant who has been cited in the main suit, and who files a replevy bond which, under Vernon's Sayles' Ann. Civ. St. 1914, art. 279, entitles him to make any defense which the garnishee could make, waives defects in the writ of garnishment which are not of a jurisdictional nature.

6. Garnishment ⬷═199 — Replevy bond takes place of debt garnished.

The replevy bond given by the principal defendant to release a garnishment takes the place of the debt garnished, and from that time the plaintiff in garnishment proceeds, not against the garnishee, but against the defendant and his bondsmen.

7. Garnishment ⬷═199—Defects in writ which would not support judgment by default waived by replevy bond by defendant.

The fact that the defects in a writ of garnishment were such that it would be insufficient to support a judgment by default does not establish that the defects cannot be waived by the giving of a replevy bond by the principal defendant.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by S. M. Griswold against W. S. Tarbell and others to recover commissions for procuring a purchaser for a certain oil lease, in which a writ of garnishment was sued out against the National Bank of Commerce of Wichita Falls, and defendant filed a replevy bond with James Haslitt and others as sureties. The judgment for the plaintiff against the defendants and the sureties on the replevy bond was set aside, and the writ of garnishment quashed, and plaintiff

⬷═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appeals. Reversed, and judgment rendered against defendant and the sureties on the replevy bond.

E. B. Hendricks, of Fort Worth, for appellant.

Bullington, Boone, Humphrey & Hoffman and Carrigan, Montgomery, Britain & Morgan, all of Wichita Falls, for appellees.

HALL, J. The appellant, Griswold, a real estate broker, sued the appellee Tarbell February 7, 1919, to recover the sum of $3,000, alleged to be due him as commissions for procuring a purchaser for a certain oil lease. The cause was numbered 1473 on the docket of the district court of Wichita county. Thereafter, on February 10th, the appellant sued out a writ of·garnishment against the National Bank of Commerce of Wichita Falls, alleging that said bank was indebted to Tarbell and had effects belonging to Tarbell in its hands. This cause was numbered 1474 on the docket of said court. Thereafter, on February 25th, Tarbell filed his replevy bond with James Haslitt, Frank Straub, Van McPhail, and C. W. Reid, as sureties, which was approved by the clerk. These suits were not tried at the March term, 1919, but ·were continued by consent of parties from term to term until January 20, 1921, at which time the original suit was tried, resulting in a judgment for the appellant, Griswold, against Tarbell in the sum of $3,356, with interest and costs of suit. On January 22, 1921, Tarbell filed his motion for new trial in said cause, which was overruled March 4, 1921. After the court had rendered judgment in the principal suit on January 20, 1921, the garnishment suit was tried. No objections had been made to the application, bond, and writ of garnishment, and the court rendered judgment against the garnishee bank for $3,048, providing, however, that no execution should issue against said bank, and at the same time the court rendered a judgment on the replevy bond for a like amount against all of the appellees. Thereafter, on February 1, 1921, 11 days after the judgments were rendered in the two cases, the appellee Tarbell and the sureties on his replevy bond filed a motion in the garnishment suit, asking that the judgment be vacated and set aside, and that the writ of garnishment be quashed and held for naught. They abandoned all the grounds set up in their motion except the following:

"(1) The application for writ of garnishment filed in this cause is not in compliance with the statute and is void in that the jurat of the district clerk, who took the affidavit of the plaintiff in said application, is not attested by the seal of his office.

"(2) The writ of garnishment issued by this court on the application above referred to is not in compliance with the statutes of this state, and is insufficient and void in that it is returnable 'on the ———— day of March, 1919,' and is not returnable for any particular day in March, 1919, as required under the statute and decisions of this state.

"(3) The garnishee and the sureties on said replevy bond further move the court to set aside the said judgment and to vacate the same for the reason that the same is void in that it allows a recovery in favor of the plaintiff against said sureties for costs in the garnishment proceeding."

This motion was sustained by the order of the court entered February 28, 1921. Both Tarbell and the bank filed answers at the first term of the court after the suit was instituted and the writ of garnishment issued.

[1] The first contention to be noticed is with reference to the sufficiency of the writ in that it is not made returnable for any particular day in the month of March. V. S. C. S., art. 274, provides that, when the suit has been filed, together with a bond, the clerk "shall * * * issue a writ of garnishment, directed to the sheriff or any constable of the county where the garnishee is alleged to reside or be, commanding him forthwith to summon the garnishee to appear before the court out of which the same is issued, on the first day of the ensuing term thereof, to answer upon oath," etc. The writ is defective in that it does not summon the garnishee to appear "on the first day of the ensuing term." Appellant's contention is that the defendants and the garnishee have waived the defect in the writ by appearing and answering and failing for nearly two years to object and in not objecting to the defective proceedings until after the trial and judgment in both cases. It is further insisted that Tarbell and his associates are estopped by their act in replevying the property and by failing to file an answer in the garnishment suit and then and there attacking the defective writ. V. S. C. S. art. 279, provides that the defendant may replevy the fund by giving a bond "conditioned for the payment of any judgment that may be rendered against the said garnishee," and further provides that, when he has so replevied the fund, he may make any defense which the garnishee could make. After the bond is filed the garnishee is but a nominal party. The bond takes the place of the debt garnished, and no judgment awarding execution can be rendered against him. Osceola Mercantile Co. v. Nabors (Tex. Civ. App.) 221 S. W. 991. As said in Modern Dairy & Creamery Co. v. Blanke & Hauk Supply Co. (Tex. Civ. App.) 116 S. W. 154:

"The provision that the defendant giving the replevy bond may make any defense that the garnishee might make seems to contemplate the elimination of the latter from the suit. By the execution of the bond the defendant takes possession of the funds or property held by the garnishee, and no further liability could or should attach to the latter."

The decision in Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 8, is not applicable to this case, because there no service upon the defendant, the Gilbert Book Company, was obtained, and it filed no replevy bond. No personal judgment was or could be rendered against it, and the question of the waiver of defects in the writ was not presented. The objections urged to the proceedings by the appellee's motion to set aside the judgment in this case did not pertain to matters affecting the jurisdiction, and the defects could therefore be waived by appearance. It was held in Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30, that, since a defendant who had replevied could make any defense which the garnishee could make in the trial court, he could not be heard on appeal to urge objections to the affidavit and the sheriff's return. For the same reason he should not be heard, after judgment rendered and motion for new trial has been overruled, to insist that the proceedings were defective, provided such defect did not go to the question of jurisdiction. We think when Tarbell filed the replevy bond it had the effect of entering his appearance in the garnishment suit and was such general appearance as waived the defects complained of in his motion. 4 C. J. 1331, § 25; Bishop-Babcock-Becker Co. v. Hyde, 61 Okl. 250, 161 Pac. 172; Roethler v. Cummings, 84 Or. 442, 165 Pac. 355; Moore v. Packer, 174 N. C. 665, 94 S. E. 449, L. R. A. 1918B, 493; Crickett S. S. Co. v. Parry (C. C. A.) 263 Fed. 523.

[2] A delay of two years before objecting to defects in garnishment proceedings should, as a general rule, be held to be a waiver. Wallace v. First National Bank, 95 Tex. 103, 65 S. W. 180. In Tinsley v. Ardrey, 26 Tex. Civ. App. 561, 564, 64 S. W. 803, 805, the court said:

"The statute seems to have been complied with literally by the appellant, the owner of the debt garnished. It is held that, when this statute has been complied with, the garnishee ceases to be the real party to the proceedings, but remains a nominal party, for the sole purpose of determining whether or not the effects in his hands are subject to the writ. The defendant and the sureties upon his replevin bond are held to be the real parties to the proceeding, and the statute provides that such defendant may make any defense which the defendant in garnishment could make in such suit. Rev. St. 1895, art. 225 [V. S. C. S. art. 279]; Seinsheimer v. Flanagan (Tex. Civ. App.) 44 S. W. 30; Plowman v. Easton (Tex. Civ. App.) 39 S. W. 171; City of Dallas v. Electric Company (Tex. Sup.) 18 S. W. 553.

"By force of the statute, upon the approval and filing of a replevin bond, such bond takes the place of the debt garnished. From that time plaintiff in garnishment proceeds against the bondsmen."

[3] The next contention to be considered is that the failure of the clerk before whom the plaintiff made the affidavit for garnish-ment to authenticate his signature by his official seal rendered the affidavit and application void. We think this is merely a formal defect which was waived by the failure of the appellee to except to it on that ground. Collin County School Trustees v. Stiff (Tex. Civ. App.) 190 S. W. 216; Texas Co. v. Dunn (Tex. Civ. App.) 219 S. W. 300; St. Louis S. F. & T. R. Co. v. Wall (Tex. Civ. App.) 165 S. W. 527; Bower's Law of Waiver, 380-384; Cartwright v. Chabert, 3 Tex. 261, 49 Am. Rep. 742. But, if it should be held that the failure of appellee to except to it is not a waiver, still the defect has been waived by reason of the same facts which we have held to be a waiver of the defects of the writ.

The costs should not have been taxed against the sureties upon the replevin bond. V. S. C. S. art. 293.

The judgment is reversed, and the cause remanded.

## On Motion for Rehearing.

[4] The appellees' first contention is that the judgment from which this appeal is prosecuted is not final. We think it is. It sets aside a former judgment rendered against the garnishee and against the defendant in garnishment and the sureties on the latter's replevy bond. It quashes the writ of garnishment and releases the defendant and the sureties on his replevy bond from all liability thereon and taxes the costs against the plaintiff, Griswold. This seems to be a full and final disposition of the plaintiff's demand for a judgment against the garnishee and upon the replevy bond, at least by necessary implication. The judgment in effect decrees that the writ of garnishment is void, and because of that fact the plaintiff is not entitled to his judgment previously rendered against the garnishee and the defendant in garnishment and the sureties upon his bond. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Hermann v. Allen, 103 Tex. 382, 128 S. W. 115.

[5] The case of Fleming & Fleming v. Pye, 43 Tex. Civ. App. 176, 95 S. W. 594, has no application to this case. It appears that in that case before a judgment was rendered upon the bond the sureties moved the trial court to quash the writ, thereby taking advantage of the right given the defendant by art. 279, V. S. C. S. That article expressly provides that in all proceedings in garnishment where the defendant gives bond he may make any defense which the defendant in garnishment could make in such suit. In the original case of Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 8, no valid judgment could have been rendered against the book company, the defendant, for want of service upon it. In the instant case Tarbell was served with citation, and a valid judgment was rendered against him. No motion was made to quash the writ of gar-

nishment until after judgment against the garnishee and upon the bond had been entered and until 11 days after the motion for new trial had been overruled. We stated in the original opinion that we thought when Tarbell filed the replevin bond it was such a general appearance as waived the defects complained of in the motion to quash the writ of garnishment. We did not hold that the effect of filing the bond was to waive citation and service and enter an appearance in the original case. Where service is complete in the original case, no citation is necessary to authorize a judgment, either in attachment or garnishment cases against the principal and sureties upon replevin bonds. As against our holding the appellant cites the case of American Surety Co. of New York v. Stebbins, Lawson & Spraggins Co., 107 Tex. 413, 180 S. W. 101, L. R. A. 1916F, 583, in which Phillips, Chief Justice, holds that the filing by the defendant in attachment of a replevin bond does not authorize a judgment by default against the principal and sureties on the bond. But that was an attachment suit in which no citation had ever been served upon the defendant in attachment, and therefore, as in the Case of Gilbert Book Company, supra, in the absence of valid service upon the defendant, the court had no jurisdiction of the defendant, and there was no valid judgments against it. Such a judgment is a necessary prerequisite to a judgment against either the garnishee or the defendant in attachment. Sun Mutual Insurance Co. v. Seligson, 59 Tex. 3; Triplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754. Where there is service and a valid judgment against the defendant in attachment in a case where the personal property attached has been replevied, a judgment against the defendant and the sureties upon his replevy bond follows as a matter of law, and should be entered in virtue of V. S. C. S. art. 269, which is:

"When personal property has been levied on, as herein before provided, the judgment shall also be against the defendant and his sureties on his replevy bond for the amount of the judgment, interest and costs," etc.

This is the rule announced by the Supreme Court. Vogt v. Dorsey, 85 Tex. 90, 19 S. W. 1033. See Triplett v. Hendricks, supra. If Phillips, C. J., has held what appellants insist that he has, then the American Surety Company Case repeals V. S. C. S. art. 269, and is in conflict with the Vogt Case. We think the first paragraph of the syllabus of the American Surety Company Case clearly states the substance of Judge Phillips' holding, and, if so, it is not authority for the proposition urged by appellant, and this court is not in conflict therewith when we hold that the replevin bond filed by Tarbell in this case, after he had been served as a defendant in the original suit, and after the garnishee had answered herein, was such an appearance as waived the defect in the writ. We cited authorities from other jurisdictions sustaining our position. If it is not the law in this state, it should be, and we have misunderstood the effect of the holding in Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30, and the other authorities cited in the original opinion. See Cabell v. Floyd, 21 Tex. Civ. App. 135, 50 S. W. 478, L. R. A. 1916F, 587, note. Appellee's contention is based upon cases where the defendant in the original action had never been served with citation. Such is the case in the American Surety Company, in Gilbert Book Company, in Fleming & Fleming, and is also the case in Wells v. Ames Iron Works, 3 Willson, Civ. Cas. Ct. App. §§ 296, 297, cited by Phillips, C. J., in the American Surety Company Case. The other case, Yett v. Green, 39 Tex. Civ. App. 184, 86 S. W. 787, cited by Phillips, C. J., is an opinion by Judge Key, and holds that a nonresident defendant in garnishment who files a replevy bond does not thereby waive his right to plead his privilege to be sued in the county of his residence. That is all it does hold on that point, and in our opinion it is not authority upon this question. In discussing the liability of sureties upon a replevy bond and attachment, Phillips, C. J., in the American Surety Company Case, said:

"The liability which is adjudged against them where the defendant is condemned in the suit is upon the bond, and not upon the plaintiff's cause of action. They acknowledge such liability, conditioned upon the defendant being so condemned, when they execute the bond. There could be no reason for citation to them in respect to a liability which in the execution of the bond they agree the court may adjudge. They are answerable, without the necessity of any service, because the statutes declare that judgment shall be rendered against them on the bond if the defendant is adjudged liable on the cause of action. There would equally be no necessity for citation to the defendant if his liability upon the bond were the issue he is called upon to meet. * * * The liability upon the bond does not become an issue. It exists as a matter of law once the defendant's liability on the cause of action is determined."

It is impossible to reconcile this language with appellant's contention that Phillips, C. J., has held that in no case does the filing of a replevy bond constitute an appearance on the part of the defendant. As stated in the original opinion, the garnishee, after the replevy of the fund, is but a nominal party, and no judgment can be rendered against him except to be due and replevied, and no execution can be awarded against him, but upon the approval of the replevy bond it takes the place of the debt garnished. Osceola Mercantile Co. v. Nabors (Tex. Civ. App.) 221 S. W. 991, and authorities cited. Tinsley v. Ardrey, 26 Tex. Civ. App. 561, 64 S. W. 803, holds that, when the statute with

reference to giving the replevy bond in a garnishment proceeding has been complied with, then the garnishee ceases to be the real party to the proceeding, and that the defendant and the sureties upon his replevy bond are held to be the real parties to the proceeding. If this is a fact, then why the necessity of serving them with further process?

[6] It is also held that by force of the statute the bond takes the place of the debt garnished, and from that time the plaintiff in garnishment proceeds, not against the garnishee, but against the defendant and his bondsmen. This holding is sustained by Seinsheimer v. Flanagan, supra; Plowman v. Easton, 15 Tex. Civ. App. 304, 39 S. W. 171; and City of Dallas v. Electric Co., 83 Tex. 243, 18 S. W. 553.

The Gilbert Book Co. v. Pye Case, supra, quotes from Edler v. Hasche, 67 Wis. 658, 31 N. W. 58, as follows:

"In ordinary actions, of course, a party may waive process, make a voluntary appearance, and submit to the jurisdiction of the court, 'but this right a garnishee, as such, has not. He cannot voluntarily appear, and substitute his creditor's creditor for his own, because that goes to jurisdiction of the subject, not to jurisdiction of the person.' * * * It is elementary that the proceeding of garnishment is special, in derogation of the common law, and that the statute must be strictly pursued in order to confer jurisdiction. * * * The court could only acquire jurisdiction * * * by service and return of process, as the statute required."

Reference to the Edler Case shows that there were two garnishees, that one of them had never been served with a writ of garnishment, and that no process had been issued and served upon the defendant, and that the case is similar in its facts to the Case of American Surety Company, Gilbert Book Company, and the other cases relied upon by the appellees. If this record showed that Tarbell had not been served and had not answered, and that the garnishee had not answered, these cases would be decisive of the issues presented on this appeal.

[7] We do not agree that the writ of garnishment is absolutely void in the sense that a subsequent answer by the garnishee at a time when Tarbell had been duly served with citation would not waive the defect pointed out. It is true that it would not have supported a judgment by default; neither would a citation with the same defect issued and served in an ordinary proceeding, but it is uniformly held that such a defect in a citation is waived when the defendant files an answer. The purpose of a writ of garnishment is to cite the garnishee to appear at the time designated and answer upon oath the inquiries contained in it. The effect of the writ when served is to impound any and all money, property, etc., held by the garnishee which belongs to the defendant. The cases insisted upon as authority by appellees are manifestly correct. Until the defendant has been duly cited the garnishee should not be heard, as his answer would probably jeopardize the rights of the defendant, but, when all parties have been duly served and have answered and the defendant has notice of the proceedings against him and against the garnishee, there is no good reason to support the contention of appellee to the effect that the garnishee cannot, by answering, waive the defects in the writ, and that the defendant, who has been duly served and filed a replevy bond, has had judgment rendered against him in the original action and upon the bond, should be permitted to go behind these proceedings and by quashing an informal or voidable writ set aside the judgments legally rendered.

The appellant, by motion for rehearing, insists that this court should have reversed and rendered the judgment instead of remanding it. We think he is correct in this, and the judgment is therefore rendered against appellee and the sureties on his replevy bond and against the garnishee.

The appellees' motion is overruled, and the appellant's motion is granted.