## MARKS v. SECURITY STATE BANK OF McCAMEY et al.

No. 2569.

Court of Civil Appeals of Texas. El Paso.

Sept. 24, 1931.

Rehearing Denied Oct. 15, 1931.

B. F. Howell, of Rankin, for appellant.

Hanson Womack, of McCamey, and W. C. Jackson, of Ft. Stockton, for appellee.

HIGGINS, J.

Appellant, Marks, sued C. M. Carroll and applied for a writ of garnishment against the Security State Bank of McCamey, Tex., a corporation. The writ was issued and served upon the president of said bank. Carroll gave a replevy bond. Later the bank answered admitting that it was indebted to Carroll in the sum of $879.46, at the time the writ was served upon it, and that said sum was thereafter paid to Carroll upon notice by the clerk of the court that the same had been replevied according to law. The answer denied any further liability upon the writ. Upon motion of Carroll the garnishment proceedings were quashed, and this action of the court is the only error here assigned.

The writ summons C. M. Carroll to make answer thereto. It does not in any wise direct that the bank, upon whom liability as garnishee was sought to be imposed, should be summoned, and for this reason the writ was fatally defective. Insurance Co. of North America v. Friedman, 74 Tex. 56, 11 S. W. 1046.

This defect is so obviously fatal that we need not consider objections also urged by appellee against the sufficiency of the affidavit in garnishment. It is asserted by the appellant that the defect in the writ was waived by the action of the garnishee in answering the writ and by Carroll giving a replevy bond. This contention cannot be sustained. The garnishment cannot be aided, to the detriment of Carroll, by the voluntary act of the garnishee in answering the writ. Insurance Co. of North America v. Friedman, supra.

And article 4084, Rev. Stat., provides that where the defendant gives replevy bond he may make any defense which the defend-

ant in garnishment could have made. It is clear that in view of this statute the defendant Carroll is not to be regarded as having waived the defect in the writ under which his funds were sought to be impounded. See the case above cited, and the following: Fleming v. Pye, 43 Tex. Civ. App. 176, 95 S. W. 594; Luse v. Fort Worth Electric & Motor Car Co. (Tex. Civ. App.) 261 S. W. 163; Walker v. Illinois Torpedo Co. (Tex. Civ. App.) 278 S. W. 456; New Amsterdam Cas. Co. v. Keith (Tex. Com. App.) 273 S. W. 836; Pumphrey v. Hunter (Tex. Civ. App.) 270 S. W. 237.

Affirmed.