## TAYLOR v. BOYLE.

### No. 8894.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 2, 1932.

Rehearing Denied Dec. 14, 1932.

Jno. T. Spann, of Crystal City, for plaintiff in error.

M. L. Harkey, of Crystal City, for defendant in error.

SMITH, J.

By this appeal plaintiff in error attacks the validity of a garnishment proceeding wherein defendant in error impounded certain moneys on deposit with the garnishee, a bank.

It was alleged in the application for the writ that the bank was indebted to plaintiff in error, Taylor, whose account was in the name of "The Taylor Company," of which Taylor was the sole owner, and the bank answered that it was indebted to Taylor in no amount, but was indebted to the Taylor Company in the sum of $235.56.

In the meantime, however, plaintiff in error replevied the fund in question, under article 4084, R. S. 1925, and took possession thereof under bond, which facts were shown in the garnishee's answer.

After the garnishee's answer had been filed, plaintiff in error filed a motion to quash the writ of garnishment, but apparently abandoned the motion, since the record does not show that it was presented to or acted upon by the court. The record does not show that plaintiff in error took any other steps in limine to protect his rights or preserve his objections to the processes by which his funds were subjected to the payment of the debt es-tablished in the main case, and of which he makes no complaint.

We are of the opinion that by his conduct, in not pressing his objections to the writ, and in replevying the impounded fund, and thereby assuming the burdens otherwise resting upon the garnishee, plaintiff·in error waived all prior irregularities in the proceeding, and cannot raise those questions, for the first time, in this court, since none of them are jurisdictional. 20 Tex. Jur. p. 852, § 114; Wise & Jackson ·v. Nott (Tex. Civ. App.) 283 S. W. 1110; Griswold v. Tarbell (Tex. Civ. App.) 242 S. W. 324.

The judgment is affirmed.