**R. PIEL GIN CO. v. INDEPENDENT FARM-ERS'. GIN ·CO. OF PERRY. (No. 11.)\***

(Court of Civil Appeals of Texas. Waco. Nov. 29, 1923. Rehearing Denied Jan. 10, 1924.)

**1. Execution ⊝184—Affidavit filed by claim-ant subject to attack only by plea in abate-ment.**

Where affidavit of claimant to property seized under execution was regular on its face and did not disclose that the officer before whom it was made was in any way interested in the purposes for which it was to be used, it could be attacked only by plea in abatement supported by proof, and could not be attacked by motion to quash, and could not be attacked in any event during the trial four years after filing.

**2. Abatement and revival ⊝81 — Plea in abatement must be timely.**

Pleas in abatement must be timely presented, or they will be held to have been waived.

**3. Sales ⊝53(1)—Whether transaction constituted sale of seed held question of fact.**

On trial of claim to cotton seed seized under execution, whether arrangement existing between claimant and judgment debtor constituted a sale of the seed to the debtor, or constituted the debtor claimant's agent or broker to sell the seed for its account, *held* a question of fact.

**4. Trial ⊝350(3)—Submission of special issue discretionary.**

On trial of claim to property seized under execution, where the court submitted to jury the issue whether claimant, prior to the levy, delivered the cotton seed in question to judgment debtor to be sold by him as its agent or broker, *held*, that it did not err in refusing to submit issue as to whether claimant delivered the seed to the debtor upon his promise to pay for same in the future when he might sell it; the manner of submitting special issues being within the discretion of the judge, and there being nothing to indicate that such discretion was abused.

**5. Estoppel ⊝75—Claimant held not estopped to deny lien of plaintiff in execution.**

Claimant of cotton seed seized under execution was not estopped to deny the lien and rights of plaintiff in execution, because it incurred the expense of the levy of such writ, by reason of the claimant's having placed the apparent legal title of the cotton seed in the judgment debtor; the judgment creditor not occupying the same position in law as an innocent purchaser.

Appeal from District Court, Falls County; John Watson, Judge.

The R. Piel Gin Company caused execution in its favor against one Lowery to be levied on cotton seed, and the Independent Farmers' Gin Company of Perry presented to the officer levying the execution its affidavit and bond for the trial of right of property in the seed, and issue was joined. Judgment for the Independent Farmers' Gin Company, and the R. Piel Gin Company appeals. Affirmed.

Frank Oltorf, of Marlin, for appellant.
Spivey, Bartlett & Carter, of Marlin, for appellee.

GALLAGHER, C. J. The Independent Farmers' Gin Company of Perry, appellee herein, on the 20th day of December, 1917, at Perry, Tex., loaded a car with cotton seed and consigned the same. to shipper's order at Grandview, Tex., notify Grandview Cotton Oil Mill, and received a bill of lading therefor. It indorsed said bill of lading in blank, and delivered the same to one Lowery. On the 21st day of December, 1917, while said car of seed was still at Perry, the R. Piel Gin Company, appellant herein, caused an execution in its favor against said Lowery to be levied on said seed as the property of said Lowery. On the 7th day of January, 1918, appellee presented to the officer levying said execution its affidavit and bond for the trial of right of property in said seed. The officer accepted said oath and bond and .filed the same in the district court of Falls county, and surrendered said seed to appellee.

Issue was duly joined by appellant and appellee on the ownership of said seed at the time of the levy. Trial was had on the 9th of January, ·1922, resulting in a judgment for appellee. Appellant has brought the case to this court for review.

The claimant's affidavit upon which, together with the bond filed therewith, this action is predicated, was sworn to by John Santner as agent for appellee, before A. E. Hander, a notary public of Falls county, Tex. During the trial it developed, apparently for the first time, that said Hander was at the time he administered said oath and certified to said affidavit, secretary of appellee corporation and a stockholder therein. Thereupon during the progress of the trial appellant made and filed a motion to quash said affidavit, and in said motion asked the court to order the claimant to return the property involved in this case to appellant or to the sheriff of Falls county. This motion was overruled by the court.

[1, 2] It is not necessary for us to determine the validity of such affidavit. It was the initial proceeding in this action. It was regular on its face, and did not disclose that the officer before whom it was made was in any way interested in the purposes for which it was to be used. Such being the case, it could be attacked only by plea in abatement supported by proof. Wright v. Smith, 19 Tex. 297, 299; Messner v. Hutchins, 17 Tex. 597, 602; City National Bank v. Cupp & Co., 59

Tex. 268, 270. It could not be attacked by motion to quash, as was attempted in this case. Even if we should consider appellant's motion to quash in effect a plea in abatement, and should consider it supported by the testimony already introduced on the trial, and upon which testimony it appears to have been predicated, we think it came too late. Said affidavit and the bond accompanying the same had been filed in the district court of Falls county for more than four years at the time said motion was filed. Issue had been joined, and the trial was in progress. Pleas in abatement which go to the right to maintain the action must be timely presented, or they will be held to have been waived. Drake v. Brander, 8 Tex. 351, 353; Wallace v. National Bank, 95 Tex. 103, 104, 65 S. W. 180.

Even when the plea does not go to the right of action but to an ancillary proceeding, such as an attachment, it has been held by our Supreme Court that the lapse of a period of three years before filing a plea to abate such proceeding was a waiver of any defect therein. Wallace v. Bank, supra. The action of the trial court in overruling the motion to quash said affidavit is supported by the authorities cited above, and affords no ground for reversal of this judgment.

[3]. The testimony showed that appellee and said Lowery had entered into a written contract for sale of said cotton seed, for which appellee was to draw sight draft with bill of lading attached or for which said Lowery was to give check. In pursuance of this agreement, the cotton seed involved in this action was loaded on the car, and said bill of lading received, indorsed and delivered to Lowery in person at Perry. Contemporaneous with such delivery Lowery tendered check for the purchase price of said seed, but at the same time advised appellee that he did not have any money in the bank on which said check was drawn, and would not have any money there until he could sell said seed and deposit the proceeds of such sale in said bank. Said check was dated December 31, 1917, and Lowery stated in substance that this was to allow him time to place the seed. Appellee refused to accept the check in payment for said seed and after some consultation, it was agreed that Lowery was to go ahead and sell the seed, and all he got over $75 per ton was to be his as commission. After such agreement appellee considered it still owned the seed. The next day the seed was levied on by appellant. Notwithstanding such levy, Lowery several days later brought the bill of lading back to appellee, and appellee's agent went with him to the depot, surrendered the original bill of lading, and received another, issued to appellee as shipper, consigning the seed to shipper's order at Wortham, Tex., notify Wortham Cotton Oil Company. This bill of lading was dated December 26, 1917, and bore no indorsement. Still another bill of lading was issued on January 7, 1918, in which the Wortham Cotton Oil Company was designated as shipper, consigning the seed to its order at Waco, Tex. Lowery never deposited the proceeds of the sale in the bank on which he drew his check and never paid appellee for the seed. Appellant introduced no witnesses. There is no material conflict in the evidence. We do not consider it necessary to recite the evidence in full in this opinion, but we have carefully considered the same in its entirety, and we are of the opinion that it raises an issue of fact whether the arrangement existing between the parties at the time of the levy constituted a sale of the seed by appellee to Lowery, or constituted Lowery its agent or broker to sell the seed for its account, to be compensated for his services by retaining all over $75 per ton received therefor.

The court submitted the case to the jury on a single issue, which issue and the answer of the jury thereto are as follows:

"Did the Independent Farmers' Gin Company, prior to the levy of the execution by the plaintiff, deliver the cotton seed in question to Lowery to be sold by said Lowery as its agent or broker? Answer 'Yes' or 'No.' Answer: Yes."

Appellant objected to the submission of said issue among other grounds because it ignored appellant's theory of the case, and in connection with such objection requested the court to submit the following issue, either as a substitute therefor, or in connection therewith, to wit:

"Did the Independent Farmers' Gin Company deliver the seed in controversy in this case to said Lowery upon said Lowery's promise to pay for same in the future when said Lowery might sell said cotton seed? Answer 'Yes' or 'No.' "

The court overruled said objection, and refused to submit said issue.

[4] The evidence in this case being without material contradiction, the real issue to be determined was merely the nature of the agreement under which Lowery held the bill of lading at the time of the levy. The evidence did not present two conflicting states of fact, one supported by a part of the evidence and the other supported by other and different evidence, as in the case of Colorado & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908. An affirmative finding by the jury on the issue submitted effectually excluded an affirmative answer to the issue requested by appellant. In such cases the manner of submission of the issue is in the discretion of the trial judge, and there is nothing in the situation presented in this case to indicate that such discretion was abused. San Antonio, U. & G. Ry. Co. v. Dawson (Tex. Civ. App.) 201 S. W. 247, 250, par. 4, and 251, par.

S (writ refused); Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080, 1083, 1084; Wichita Falls Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733–736.

[5] Appellant, in its tender of issues, made the following allegation:

"That the claimant having placed the apparent legal title of said cotton seed in the said J. E. Lowery and the apparent legal title of said cotton seed being in the said Lowery at the time of the levy of said writ of execution, the claimant is estopped to deny the lien and rights of plaintiff in execution; said plaintiff having incurred the expense of the levy of said writ."

The evidence relied on to sustain said issue has been recited in substance above. There is no evidence in the record that appellee knew that the bill of lading had been indorsed and delivered to said Lowery, and that it was misled by such fact, and thereby caused to have its execution levied on said seed as the property of said Lowery, the defendant in said execution. The issue tendered by appellant is one of estoppel. Such estoppel would be available to appellant only in the event it was an innocent purchaser of the seed, that is, a purchaser for a valuable consideration, without notice of appellee's claim, and without notice of facts sufficient to put it on inquiry with reference thereto. Appellant is not and does not claim to be either an innocent purchaser or a contract lienholder. It is merely a judgment creditor, claiming lien on the seed by reason of the levy of its execution. Such a creditor does not occupy the same position in law as an innocent purchaser. An innocent purchaser is protected because he has expended his money in good faith to the amount of the purchase price of the property, relying upon an apparent situation reasonably calculated to mislead him, which the real owner has created or at least has permitted to continue to exist. On that account it is inequitable to require such purchaser, rather than the real owner, to suffer the attending loss. A creditor attempting to fix a lien by the levy of legal process loses nothing if his lien fails to attach. Compared to the value of the property, the cost of a levy thereon is negligible and wholly insufficient to raise a controlling equity in the creditor. Under such circumstances there is no good reason why his lien should attach to anything except such interest, if any, as the debtor may actually own in the property. Such is the common-law rule, and, except as modified by the effect of our registration statutes, none of which are applicable in this case, such rule has been consistently followed by our Supreme Court. Lowery, the judgment debtor, had no interest in the property at the time of the levy. He had not effected a sale of the same at that time and had therefore not even earned a right to a commission out of the proceeds of said property when sold. First State Bank v. Jones, 107 Tex. 623, 183 S. W. 874, 876; Blankenship v. Douglas, 26 Tex. 225, 228, 82 Am. Dec. 608; Grace v. Wade, 45 Tex. 522, 525; Henderson v. Rushing, 47 Tex. Civ. App. 485, 105 S. W. 840 (writ refused); Hawkins v. Willard (Tex. Civ. App.) 38 S. W. 365; Parker v. Coop, 60 Tex. 111, 116–117.

We have carefully considered all the propositions submitted by appellant as ground for reversal of the judgment appealed from, and, being of the opinion that none of them are sufficient to justify such action, the judgment of the trial court is affirmed.

SPIVEY, J., took no part in the decision of this cause.