## GRAYBURG OIL CO. v. COCKE.

### No. 9368.

Court of Civil Appeals of Texas. San Antonio.

May 16, 1934.

Rehearing Denied June 13, 1934.

Sawnie B. Smith and Ingrum & Morris, all of San Antonio, for appellant.

O. M. Fitzhugh, of San Antonio, for appellee.

FLY, Chief Justice.

This is a suit instituted by appellant on a sworn account against appellee. Appellee answered, among other things, that an oral agreement, dated April 25, 1932, had been entered into between him and appellant, to the effect that he might pay off the account as follows: $50 to mature on October 25, 1932, and $25 every three months thereafter. Appellee filed a plea in abatement to the suit, on the ground that the same was prematurely brought; the reason for such statement being that appellant had entered into the oral agreement, as hereinbefore stated. Appellant filed a motion to strike out such plea in abatement on the ground that it had been waived because not called to the attention of the court and passed upon at the term at which it had been filed. The record shows that the plea was filed at the January term of the county court and was not passed on at that term, nor at the March term. At the May term the motion to strike the plea in abatement was filed and the cause continued by the court to the following term, no action having been taken on the plea in abatement.

Attack was also made upon the plea upon the ground that the facts alleged showed that an oral agreement was made in regard to a contract which could not have been performed within a year but would have taken at least five years for its consummation.

It is the uniform ruling in Texas cases, under article 2013 (Rev. St.), that a plea in abatement and other dilatory pleas shall be considered waived if not called to the attention of the court and passed upon at the term at which they are filed. W. H. Aldridge v. Webb & Hill, 92 Tex. 122, 46 S. W. 224; McCoy v. Bankers' Trust Co. (Tex. Civ. App.) 200 S. W. 1138; Piel Gin Co. v. Farmers' Gin Co. (Tex. Civ. App.) 257 S. W. 630. We therefore sustain the motion to strike the plea in abatement on the ground named, as well as on the ground that the plea in abatement sets up a promise in regard to payments which could not be performed within a year and therefore was obnoxious to the statute of frauds.

It may be stated that the matters set up in the plea in abatement were also set out in the verified answer of appellee to the claim of appellant. We are of the opinion that the answer did not state a cause of defense. If every allegation made were true, the court erred in rendering the judgment from which the appeal is perfected, and it will be reversed and judgment here rendered that appellant recover for its demand with interest at 6 per cent. from the date of the judgment in the lower court.

Reversed and rendered.

On Motion for Rehearing.

SMITH, Justice.

Appellee complains at length of alleged inaccuracies in the statement of the case in the original opinion. It appears that there are some slight inaccuracies in immaterial details of that statement, but they do not affect the result of the decision, which will be adhered to.

Appellee's motion for rehearing will be overruled.