M. BOWERS v. CONTINENTAL INSURANCE CO. ET AL.

(Case No. 1886)

1. GARNISHMENT—AFFIDAVIT—CORPORATION—AGENT.—In a garnishment proceeding against an insurance company the affidavit alleged that the agent of the company was indebted to defendant, but not that the company itself was. *Held:*

(1) That this allegation would not be allowable in the case of the agent of a natural person ; and though a corporation acts alone through its agent, yet, when sued or cited, it can not be brought into court by allegations or writs against its agents. (Ins. Co. v. Seeligrow., 59 Tex., 3.)

(2) In garnishment proceedings as well as suits, a court can acquire no jurisdiction over a corporation through a petition filed against its agent.

(3) An appearance and answer by the corporation might cure an imperfect writ, but not the vital defects in the affidavit.

(4) The garnishment should have been quashed.

APPEAL from Marion.   Tried below before the Hon. W. P. Mc-Lean.

This was a suit brought to obtain a personal judgment against one S. E. Brande, and alleging that the debt sued on had been secured by trust deed on certain property which had been destroyed by fire, but which was covered by insurance in the two insurance companies (appellees) to the amount of $2,000, which insurance was payable to Brande, and praying for an original writ of garnishment to be served on J. B. Littlejohn as the agent of the insurance companies and two other persons.

On May 14, 1885, plaintiff filed his motion to dismiss as to the N. O. Insurance company, and to docket the cases separately against each company.   June, 1885, the companies appeared jointly and moved to quash affidavit bond and writ, and also to dismiss because the case was improperly docketed.   This motion the court sustained and dismissed the case from the docket at cost of plaintiff, and entered final judgment to that effect.

*Todd & Eldridge,* for appellant, cited: R. S. arts. 183, sub. div. 2 and 185.

*Todd & Hudgins,* for appellees.

ROBERTSON, ASSOCIATE JUSTICE.—The affidavit for garnishment does not allege that the insurance companies were indebted to the defendant, Brande, but that Littlejohn, as their agent, was so indebted. The affidavit, therefore, was clearly insufficient. In a garnishment proceeding, the charge of indebtedness should be direct against the very parties sought to be made liable for the plaintiff's demand. It should not be left to inference or presumption to be drawn from an allegation that another is liable as the garnishee's agent. This kind of an allegation would not, of course, be allowable in the case of an agent of a natural person; neither is it proper when a corporation is concerned; for, although a corporation acts alone through agents, yet, when it is sued, or cited, or served with process, it cannot be brought into court by allegations or writs against its agents. Sun Mutual Ins. Co. *v.* Seeligson & Co., 59 Tex., 3.

The affidavit is the foundation of the garnishment proceedings. By it the suit is commenced, so far as the garnishee is concerned If a suit cannot be commenced and prosecuted against a corporation, by means of a petition filed against its agent, neither can a garnishment be commenced and prosecuted in this way. The court in such a case acquires no jurisdiction of the corporation; and the affidavit shows no cause of action against it. A judgment could not be rendered against a corporate body in the one case any more than in the other. An appearance by the garnishees, and the filing of an answer, might waive an imperfect writ, commanding the sheriff to summon the agent instead of the principal, but it would not cure the vital defects in the affidavit, any more than an appearance in an ordinary case would cure the defects in a petition, which showed upon its face that the plaintiffs had no cause of action.

The condition of this case when dismissed was that of a garnishment issued and answered upon an affidavit which did not entitle the plaintiff to the writ; and as the appearance of the garnishees did not waive or cure the defects in the affidavit, the court did not err in quashing the garnishment and dismissing the proceedings under it.

The judgment is therefore affirmed.

AFFIRMED.

[Opinion delivered December 1, 1885.]