HEARN et ux. v. HARLESS.

(Court of Civil Appeals of Texas. El Paso. Feb. 13, 1913. Rehearing Denied March 12, 1913.)

1. APPEAL AND ERROR (§ 190*)—QUESTIONS NOT RAISED AT TRIAL—REVIEW.

Objection to the invalidity of a writ of sequestration first raised by assignment of error on appeal cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1216–1220; Dec. Dig. § 190.*]

2. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS OF ERROR — BRIEFS — CONTENTS — COURT RULES.

An assignment of error, not copied in appellant's brief, as required by Civil Appeals rule 29 (142 S. W. xii), will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where a proposition subjoined to an assignment of error was not a correct proposition of law, and a statement contradicted the proposition in violation of Civil Appeals rule 31 (142 S. W. xiii), and the statement also made no reference to the page or pages of the record which explained the proposition, the assignment would not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. WITNESSES (§ 361*)—CONTRADICTION—SUPPORTING TESTIMONY.

Where one of the defendants in her testimony several times referred to the testimony of plaintiff as untrue, evidence supporting plaintiff's reputation for truth and veracity was admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1165, 1167–1175; Dec. Dig. § 361.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Suit by B. F. Harless against D. S. Hearn and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

C. E. & A. E. Heidingsfelder, of Houston, for appellants. C. H. C. Amerman, of Houston, John C. Matthews, of Lampasas, and John M. Duncan, of Houston, for appellee.

HARPER, C. J. This suit was filed by B. F. Harless against Mrs. L. M. Hearn and her husband, D. S. Hearn, on written mortgage, which was executed to secure the payment of the balance of purchase price of a certain diamond ring, consideration payable in monthly installments. The instrument provided that the purchaser should retain control and custody of the ring, not to permit it to be removed from the county, to pay the installments promptly, to immediately return it to plaintiff upon failure to do so, and upon default authorized foreclosure of lien without notice. Defendants pleaded general demurrer, general denial, and specially pleaded that the instrument sued on was void because executed by a married woman not joined by her husband; that the ring was not a necessity; that her husband

did not know of nor consent to the said purchase; that the ring taken by the officer by virtue of writ of sequestration is not the ring purchased by Mrs. Hearn, but was acquired by gift from her father; and further alleged that she had made certain payments on the ring purchased for which no proven credit had been allowed; and that, if plaintiff recover judgment for the ring, then they pray for judgment for amounts so paid.

Plaintiff by supplemental petition avers that Mrs. Lena M. Hearn dealt with him without revealing the fact of marriage; that, at the time the ring was sequestered, it was pledged to one Sweeney for $300; and that plaintiff had paid said money and thereby became subrogated to the rights of the said Sweeney to title and possession and to said Sweeney's claim against said defendants for the $300, no part of which had been paid. The defendants executed replevy bond and took the ring from the sheriff. Tried before a jury and resulted in a verdict for plaintiff, from which this appeal is perfected.

[1] The first assignment of error is as follows: "The court erred in overruling defendants' motion for a new trial on the entire motion, as same sets out legal reasons why a new trial should have been granted, and particularly with reference to the third paragraph contained in the assignment of errors, same being as follows: 'Because the court erred in rendering judgment as against the sureties on the replevy bond, because a writ of sequestration was absolutely void, in this: That same was not signed by the county clerk or his deputy, and thereby being void ab initio, and no valid judgment could be rendered against the sureties on the replevy bond on a void writ.'" The question of the invalidity of the bond having been raised first by assignment of error, appellants having made no motion to quash, and not having made objection to its introduction in evidence, the question is not raised, so that it can be passed on by this court.

[2] Second assignment of error reads as follows: "The fourth, fifth, and sixteenth assignments of error, because under the herein assignment the witnesses B. F. Harless and Charlie Cain were permitted to testify, over objection of the defendants, of an alleged and purported robbery of the residence of the defendants, and as to their acts and doings in the absence of both defendants in stating what they saw, what they did, what measurements were made by them, what investigations they made with reference to the windows, screens, locks, and latches thereon, all of which was objected to, was irrelevant and immaterial, and prejudiced the defendants' cause." This assignment does not comply with rule 29 of this court (142 S. W. xii). The portion thereof applicable is as follows: "The appellant, or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief

of the points relied on in accordance with and confined to the distinct specification of error (which assignment shall be copied in the brief); * * * and each assignment not so copied and accompanied with its appropriate propositions and statements shall be regarded as abandoned." No copies of the assignment in the brief of appellant.

[3] The third assignment is as follows: "Because the court erred in permitting the witnesses W. J. Howard, Sam Rouse, and A. E. Amerman to testify, over objection of the defendants, that the plaintiff, Ben F. Harless, had a good reputation for truth and veracity, all of which was objected to because the reputation for truth and veracity of the witness Ben F. Harless had never been questioned, and therefore same was in an attempt to bolster up his testimony, and was irrelevant and immaterial to any issue in the case."

The appellants' proposition under the above assignment is not a correct proposition of law, and the statement subjoined contradicts the proposition, and is not in compliance with rule 31 of this court (142 S. W. xiii).

Proposition under third assignment: "When there is a conflict of testimony between the plaintiff and the defendant, the plaintiff cannot bolster up his testimony by introducing witnesses proving his good reputation for truth and veracity."

Statement under third assignment: "In the trial of this cause, the testimony of the plaintiff was contradicted almost in every detail by the defendant Mrs. L. M. Hearn only, and she referred several times in her testimony to the plaintiff having lied while she was on the witness stand. The controverted issues, as testified to between the plaintiff and the defendant, were very noticeable; and, the defendant not having offered any testimony attacking the truth and veracity of plaintiff as to same being good or bad, the plaintiff cannot, in an attempt to bolster up his testimony, offer testimony of one or more witnesses to prove his general reputation good for truth or veracity."

Rule 31: "To each of said propositions there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it, and without intermixing with it arguments, reasons, conclusions, or inferences. * * * "

[4] It will be noted that this statement makes no reference to the page or pages of the record which explain or support the proposition; therefore the assignment should

not be considered; but the same is overruled, because the law is that when the truth and veracity of a witness has been directly impugned, as shown by appellants' statement above set out, evidence supporting his reputation in that regard is admissible. Overruled.

The fourth, sixth, seventh, eleventh, and twelfth assignments and statements following, each being subject to the same criticism as No. 3—that is, not being in compliance with rule 31—they are overruled.

Fifth assignment being an attempt to cover the eighth, ninth, and tenth assignments of error as they appear in the record, and neither of them having been copied in the record, cannot be considered by the court under rule 29.

There being no error assigned, the judgment of the lower court is affirmed.