## WILSON v. YOUNG COUNTY HARDWARE & FURNITURE CO. (No. 10677.)

(Court of Civil Appeals of Texas. Fort Worth. May 17, 1924. Rehearing Denied June 14, 1924.)

1. Statutes ⊙⇒19—Final passage of bill required to be taken by ayes and nays is vote by which each house adopts same after final reading.

The final passage of a bill, required to be taken by ayes and nays, is the vote by which each house adopts it after final reading and not that vote by which the house in which it originated may subsequently concur in amendments made by the other.

2. Statutes ⊙⇒19—Law held effective immediately on concurrence in amendments without record vote.

Where a bill was passed by the House by 99 yeas and 8 nays, with 28 not voting, and by the Senate after amendment by a vote of 24 yeas, with 6 not voting, and the House concurred in the amendments without a record vote and the Governor neither signed nor vetoed the bill, held, that the law was effective immediately upon the House's concurrence in the amendment.

3. Garnishment ⊙⇒1—Justices of the peace ⊙⇒87(3)—Suit ancillary to and cannot be separated from original suit.

Garnishment suits are ancillary to and a part of the original suit and cannot be separated therefrom, and hence transfer of suit in justice court to another county carried the ancillary garnishment proceeding with it.

4. Justices of the peace ⊙⇒87(3)—Judgment against garnishee held valid notwithstanding no commission to answer issued.

Where no commission was issued requiring garnishee, resident of another county than where main action was pending in justice court to answer, but cause was transferred to his county and before judgment against defendant was taken, Acts 37th Leg. 1921, c. 105, §§ 1, 4 (Vernon's Ann. Civ. St. Supp. 1922, arts. 282, 302), amending Rev. St. 1911, arts. 282, 302, and section 2, repealing Rev. St. 1911, arts. 283–287, 289–292, and eliminating the necessity of such commission, became effective, held, a judgment subsequently entered against the garnishee was valid.

Appeal from Montague County Court; H. S. Callaway, Judge.

Action in justice court by Young County Hardware & Furniture Company against J.

V. Gilliland and J. D. Wilson, garnishee. From judgment rendered in the county court dismissing an application for certiorari, garnishee appeals. Affirmed.

Chancellor & Bryan, of Bowie, for appellant.

Homer B. Latham, of Bowie, for appellee.

BUCK, J. J. D. Wilson, a citizen of Montague county, filed an application in the county court of said county for a writ of certiorari directed to G. W. Chancellor, justice of the peace of Montague county, requiring said justice of the peace to send to the county court certified copies of entries upon his docket, together with the original papers on file in a case filed in the justice court of precinct No. 4, Montague county, by the Young County Hardware & Furniture Company against J. V. Gilliland for debt, and against the plaintiff below as garnishee. Plaintiff alleged that on September 19, 1922, the Young County Hardware & Furniture Company, hereinafter called furniture company, secured a judgment in said justice court of Montague county against the petitioner. Plaintiff alleged that said judgment was null and void for the reason that on May 26, 1921, there was served on said petitioner a writ of garnishment issued out of the justice court, precinct No. 1, Young county, the same having been issued about May 24th, being in connection with the case of the furniture company against said Gilliland. The plaintiff alleged that no commission was issued out of said justice court requiring the petitioner to answer said writ, and that, under the law as it existed at the time said writ of garnishment was issued out of said justice court of Young county and at the time the same was served on the petitioner, he was not required to answer except on the issuance of a commission from said justice court requiring him to do so, as the petitioner at the time of the filing of this suit was a nonresident of Young county, and resided in precinct No. 4, Montague county. He further alleged that the amendment and the change in the law requiring a nonresident to answer a garnishment writ the same as a resident defendant was passed at the regular session of the Thirty-Seventh Legislature and that said Legislature convened on January 11, and adjourned on March 12, 1921. Petitioner further alleged that if the main suit had been transferred by the justice court of Young county to the justice court of Montague county, by reason of a plea of privilege filed by defendant in that suit, J. V. Gilliland, that the petitioner had never applied for a transfer and so far as he was concerned the cause against him, if any, was still in the justice court of Young county. Upon the petition being presented to the judge of the county court of Montague county, and a bond in the sum of $200 being filed, the writ was ordered to issue as prayed for,

and the transcript of the judgment from the justice court, together with the affidavit and bond in garnishment, was sent up by the justice of precinct No. 4 of Montague county and was filed in the county court November 4, 1922. The furniture company filed a motion to quash the certiorari writ and that the same be dismissed. From an order of the county court dismissing petitioner's application for certiorari, the petitioner has appealed.

The statement of facts has only to do with the question of whether the act changing the law with reference to garnishment proceedings against a nonresident took effect immediately from and after its passage, or 90 days after the adjournment of the Legislature. The statement of facts shows that the bill originally passed the House by 99 yeas and 8 nays, present not voting 1, absent 27. That it was then sent to the Senate, where, after some amendments were adopted, it passed that body by a vote of 24 yeas, 5 absent and 1 excused, Senator Bledsoe occupying the chair. It was then sent back to the House, and that body concurred in the amendments proposed by the Senate, no record vote being taken, and the bill was presented to the Governor for his approval on March 12th, but not signed by him nor returned to the House in which it originated with his objections thereto within the time prescribed by law, and it became a law without his signature. 25 R. C. L. § 129, p. 882, says:

"But, according to what seems to be the preponderance of authority, the final passage of a bill is the vote by which each house adopts the bill after it has passed its third reading. Where a bill has been passed in one house and amended and passed in the other, the vote on the adoption of the amendment by the house in which the bill originated need not, under such a constitutional provision, be taken by ayes and noes and entered on the journal."

[1, 2] In State v. Crowe, 130 Ark. 272, 197 S. W. 4, L. R. A. 1918A, 567, Ann. Cas. 1918D, 460, the Supreme Court of that state held that a bill originating in the Senate and duly passed and being duly transmitted to the House and being there amended, and being returned to the Senate, the latter concurring the amendment and ordering the bill engrossed without a record vote, that the bill became a law and was in compliance with the constitutional requirement that before a bill shall become a law the vote on final passage must be taken by ayes and nays. To the same effect is Johnson v. Great Falls, 38 Mont. 369, 99 Pac. 1059, 16 Ann. Cas. 974. Under notes in Ann. Cas. vol. 16, p. 977, the majority rule is said to be that the final passage of a bill within the meaning of a constitutional provision requiring a vote on final passage to be by ayes and nays is the vote taken upon the last reading of the bill upon the question whether it shall become a

law, and does not include a vote subsequently taken by one branch of the Legislature upon concurring in the amendments made by the other branch. Supporting this rule are citations from the federal courts, including the United States Supreme Court, and Nebraska. Arkansas, Florida, Indiana, and New York. The only case we have found in Texas passing upon this question is M., K. & T. Ry. Co. v. McGlamory, 92 Tex. 150, 41 S. W. 466, and that decision quotes section 39 of article 3 of our state Constitution, and simply holds that the vote there taken did not constitute a two-thirds vote. The bill there discussed evidently originated in the Senate, and the Supreme Court found that it passed the Senate by a two-thirds vote of those elected to that body, but upon final passage in the House, there being 128 members thereof, it received 78 ayes and 8 nays. We are of the opinion that the majority rule should be followed, and that we must hold that the vote on the bill as finally passed by the Senate was the vote on final passage and the law was in effect immediately upon the concurrence by the House with the Senate amendment. The bill amended articles 282 and 302 of the Revised Statutes (Vernon's Ann. Civ. St. Supp. 1922, arts. 282, 302), and repealed articles 283, 284, 285, 286, 287, 289, 290, 291, and 292. The articles repealed provided for the issuance of a commission where the garnishee resided in some other county than that in which the proceeding is pending and fails to make answer to the writ, and that the commission shall be addressed to the clerk of the district court, the county judge, the clerk of the county court, or any notary public of the county in which the garnishee is alleged to reside or be, requiring him to cite such garnishee to answer the writ of garnishment. Upon the appearance of the garnishee, the officer executing the commission shall return the same, together with the answer of the garnishee, duly certified under his hand and seal of office, to the clerk of the court or justice of the peace who issued it; whereupon, like proceedings shall be had as provided in cases of answers of a garnishee residing in the county. By the amendment all of the proceedings with reference to the commission, etc., are abolished. Article 282, as amended (Vernon's Ann. Civ. St. Supp. 1922, art. 282), provides:

"The garnishee shall in all cases after lawful service file an answer to the writ of garnishment on or before appearance day of the term of the court to which such writ is returnable and should the garnishee fail to file such answer to said writ as herein required, it shall be lawful for the court, at any time after judgment shall have been rendered against defendant, and on or after appearance day, to render judgment by default, as in other civil cases against such garnishee for the full amount of such judgment against the defendant, together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings, provided that the answer of such garnishee may be filed as in any other civil case at any time before such default judgment is rendered."

[3] Undoubtedly, when the justice court of Young county, upon the plea of privilege of Gilliland having been sustained, transferred the original suit to the justice court of Montague county, he also transferred the ancillary proceeding of garnishment against the appellant here. See King & King v. Porter, 252 S. W. 1022, by the Supreme Court; Simmang v. Ins. Co., 102 Tex. 41, 112 S. W. 1044, 132 Am. St. Rep. 846; Townsend v. Fleming (Tex. Civ. App.) 64 S. W 1006; Kelly v. Gibbs, 84 Tex. 148, 19 S. W. 380, 563. Suits in garnishment are ancillary to and a part of the original suit and cannot be separated therefrom. King & King v. Porter, supra. Therefore we conclude that no valid objection to the judgment below has been shown on the ground that the amendment to the statutes enacted by the Thirty-Seventh Legislature, as shown above, did not carry with it the emergency clause.

[4] Moreover, at the time the judgment against appellant was entered by the justice court of precinct No. 4 in Montague county, to wit, on September 19, 1922, more than 90 days had elapsed since the adjournment of the regular session of the Thirty-Seventh Legislature. Since the appellant was served with citation in garnishment of the suit filed in Young county, and since, as we have before shown, the transfer of the case from the justice court of Young county to the justice court of Montague county carried with it the garnishment proceeding also, certainly no question can be raised that at the time of the judgment against appellant in Montague county the amendment to the statute was not in full force and effect.

All assignments are overruled, and the judgment is affirmed.