TEXAS CO. v. DISNEY et al. (No. 35.) *

(Court of Civil Appeals of Texas. Eastland. Oct. 30, 1925. Rehearing Denied Jan. 15, 1926.)

1. Appeal and error ⟶190(1)—Assignments not raised below cannot be considered.

Assignments of garnishees on appeal, relating to validity of judgment in main case, and affidavit, bond, and writ of garnishment, cannot be considered, where they were not presented to the trial court.

2. Appeal and error ⟶190(1)—Garnishee answering without objecting to proceedings cannot ordinarily present objections for first time on appeal.

A garnishee who answers without objecting to proceedings cannot present his objections thereto for first time on appeal, except in cases such as where affidavit is vitally defective, or judgment is void for want of jurisdiction, or court is without jurisdiction without the garnishment.

3. Garnishment ⟶124—Irregularities in judgment in main case falling short of want of jurisdiction not available to garnishee.

Irregularities in a judgment in main case, falling short of want of jurisdiction, are not available to a garnishee, as attack on a judgment in such cases is deemed collateral attack.

4. Garnishment ⟶1, 241—Garnishment suits ancillary to and part of main suit; replevy bond must be noticed.

Garnishment suits are ancillary to and part of main suit, and hence it was duty of court to take notice of replevy bond filed by defendant, and it was duty of plaintiff to call court's attention thereto.

5. Appeal and error ⟶1236—Failure to proceed against surety on replevy bond held to require reversal of judgment against garnishee.

Failure to proceed against sureties on replevy bond, which was executed after garnishment writs were served, and which relieved garnishee from liability, held to require reversal of judgment against garnishee, since such sureties are not parties to appeal, and judgment cannot be rendered against them in appellate court.

On Motion for Rehearing.

6. Evidence ⟶66—Sureties on replevy bond presumed to know garnished property delivered to principal by virtue of bond.

Sureties on replevy bond, filed by defendant in garnishment proceedings, are presumed to know the garnished property delivered to their principal by virtue of replevy bond executed by them.

7. Garnishment ⟶241—Liability of sureties on replevy bond after delivery of garnished property becomes fixed, in absence of fraud, accident, or mistake.

On procuring delivery of all garnished property, liability of sureties on replevy bond, filed by defendant in garnishment, becomes fixed, in absence of fraud, accident, or mistake; and filing of replevy bond creates an estoppel.

Error from District Court, Eastland County; E. A. Hill, Judge.

Garnishment proceeding by R. A. Disney and others against the Washita Ranger Oil Company, with the Texas Company and others as garnishees. From the judgment against it, the Texas Company brings error. Reversed and remanded.

H. S. Garrett, of Fort Worth, for plaintiff in error.

Levy & Evans, of Fort Worth, and Burkett, Orr & McCarty, of Eastland, for defendants in error.

PANNILL, C. J. This is a writ of error by the garnishee from a judgment in garnishment. The parties will be designated as in the trial court.

Plaintiff sued the Washita Ranger Oil Company and sued out a writ of garnishment against Ranger Refining & Pipe Line Company, the Texas Company, and the Texas Pipe Line Company, garnishees. The Texas Company answered that it had in its possession 4,944.67 barrels of Breckenridge crude oil, run to it and owned by Washita, etc., Company; thereafter on March 16, 1921, plaintiff's sued out another writ on the same cause of action against the Texas Company only; this writ was answered by Texas Company on May 2, 1921, that garnishee had in its storage tanks at Breckenridge 5,983.44 barrels of North Central Texas crude oil run to it and owned by said defendant Company. The original suit and each writ were docketed separately and with separate numbers, and the answers accordingly. On August 10, 1921, numbered as of the first writ; the defendant in the main suit filed a replevy bond in double plaintiff's demand, conditioned for the payment of any judgment that may be rendered against the three garnishees named in the first writ; thereupon the Texas Company filed a supplemental answer, averring the replevy bond referred to, and the payment of all amounts due defendant. After judgment against defendants in the main case, judgment was rendered against the garnishee for the property as described in its last answer. No judgment was rendered on the replevy bond, and same was not in evidence.

[1] A number of legal points are presented with reference to the validity of the judgment in the main case, the affidavit, bond, and writ of garnishment; but none of these assignments can be considered, because the questions are raised for the first time on appeal, and were not presented to the trial court. White v. Casey, 25 Tex. 552; Nesom v. City Nat. Bank (Tex. Civ. App.) 174 S. W.

715; Bowers v. Insurance Co., 65 Tex. 51; Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Hearn v. Harless (Tex. Civ. App.) 154 S. W. 613.

[2, 3] Only in cases where the affidavit is vitally defective as in case of Bowers v. Insurance Co., or when the judgment is void for want of jurisdiction, or where without the garnishment the court is without jurisdiction, as in Gilbert Book Co. v. Pye, 43 Tex. Civ. App. 183, 95 S. W. 8, can the garnishee who has answered without objecting to the proceedings present his objections thereto for the first time on appeal. Irregularities in a judgment, falling short of a want of jurisdiction, are not available to a garnishee. Attack on a judgment in such cases is deemed collateral. Sun Mutual Insurance Co. v. Seeligson, 59 Tex. 3; Gerlach Mercantile Co. v. Hughes, etc., Co. (Tex. Civ. App.) 189 · S. W. 784. The defects urged here are merely to the form and do not affect the substance of the garnishment proceedings.

[4] A question arises which does not appear to have been directly decided heretofore, and which we will discuss briefly. Plaintiffs contend that the main suit and each garnishment is a separate proceeding, and we cannot consider any matter in either not in evidence before the court when the judgment was rendered; to this contention we cannot agree. Kelly v. Gibbs, 84 Tex. 148, 19 S. W. 380, 563; King v. Porter, 113 Tex. 198, 252 S. W. 1022; Wilson v. Young County Hardware & Furniture Co. (Tex. Civ. App.) 262 S. W. 873. In King v. Porter, supra, it is said that suits in garnishment are ancillary to and a part of the main suit and cannot be separated therefrom. The garnishment being ancillary to the main suit, then one or more such writs in the same cause against the same garnishee are necessarily all a part of the same suit. It is therefore concluded that the court was bound to take notice of the replevy bond referred to, and that it was the duty of plaintiffs to call the court's attention thereto. Tinsley v. Ardrey, 26 Tex. Civ. App. 561, 64 S. W. 803; Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30; City of Dallas v. Electric Co., 83 Tex. 243, 18 S. W. 553.

[5] The replevy bond in question was executed after both writs were served and relieved the garnishee from liability, and the defendants in the main suit could have compelled the garnishee to deliver the property to them. The failure to proceed against the sureties on the replevy bond requires a reversal of the case, because such sureties are not parties to this appeal, and judgment cannot be rendered against them in this court.

Modern, etc., Co. v. Blanke et al. (Tex. Civ. App.) 116 S. W. 154.

Plaintiff in error's third assignment is sustained. All others overruled.

The judgment of the trial court is therefore reversed and remanded.

On Motion for Rehearing.

Appellees have presented a motion for rehearing, by which the contest is narrowed to one point of attack, and that is that the sureties on the replevy bond are not liable for the value of the property described in the second answer of the garnishee. If this position is a correct one, the decision made is erroneous. The basis of this contention is the mistaken assumption that the property described in the answer to the second writ is wholly different from that described in the answer to the first. That the second answer includes the property described in the first is plain. Both describe crude oil run to the tanks of the garnishee at Breckenridge by the Washita-Ranger Company. The second writ does not require the garnishee to answer for property coming into its possession after the first answer was filed, but required it to answer as to all property in its possession.

The record shows that none of the property described in the first answer had been delivered to the main defendant at the time the second answer was filed. So the second answer must be held to include the 4,944.67 barrels of oil described in the first answer. Any other conclusion would involve a presumption that the second answer was false, which cannot be indulged. The nonliability of the garnishee for the value of 4,944.67 barrels of the oil described in the second answer is clear.

[6, 7] The sureties are presumed to know the garnished property delivered to their principal by virtue of the replevy bond executed by them. Having procured the delivery of all the garnished property, their liability became fixed, in the absence of fraud, accident, or mistake. No such issues are presented. The replevy bond, executed after both answers were filed, recited the replevin of all debts, claims, and effects garnished, and created an estoppel. Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30.

Plaintiffs postulate many supposable cases, seeking to apply the decision here made to such other cases, and thus demonstrate the present holding erroneous. Such supposable cases are not presented for decision. The attempt here made is to decide this case, and not to write a book.

The motion for rehearing is overruled.