## MORRISS v. FIRST NAT. BANK IN DALLAS et al.

### No. 5981.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1930.

Chas. D. Turner, of Dallas, Tex. (Turner, Rodgers & Winn, of Dallas, Tex., on the brief), for appellant.

Rhodes S. Baker, Rosser J. Coke, E. B. Stroud, Jr., and J. P. Dreibelbis, all of Dallas, Tex. (William R. Harris, Thompson, Knight, Baker & Harris, and Coke & Coke, all of Dallas, Tex., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

The plaintiff sued the Hudson Motor Car Company for a large sum in damages for a breach of contract and upon account.

The appellee banks were made garnishees, and the plaintiff finally recovered judgment against the motor car company for more than $4,000 with interest, "together with all costs of court in this behalf expended, for all of which execution may issue." This court affirmed that decree.

The suit was filed originally in the state court on June 4, 1925, accompanied by writs of attachment and garnishment; the latter being served on the American Exchange National Bank of Dallas, now known as the First National Bank in Dallas, Tex., and, on the 24th of June following, similar writs were served upon the Federal Reserve Bank of Dallas. On July 2d, the motor car company filed its replevin bond and had the funds in the hands of the banks released. Thereafter, on July 11th and 18th, respectively, said banks answered the garnishments denying that they owed the defendant motor company anything or had any funds in their hands belonging to it, but set forth that they had received through banking channels drafts drawn by the Hudson Motor Company upon the plaintiff, Morriss, which had been paid, amounting to many thousands of dollars, which were still in their hands; and further, that, between the date of service of the garnishments and the filing of the answers, the motor company had made its replevin bonds under which the funds had been, by instructions of the said defendant, remitted to the original banks through which they were sent. The garnishees each alleged that they had been forced to employ counsel to answer said proceedings and were entitled to recover fees therefor in the sum of $5,000, as costs. The American Exchange Bank prayed that plaintiff be required to make strict proof of his claim; that, if the funds should be held to belong to the motor company, "since said funds have been replevied, judgment be rendered against the Hudson Motor Car Company, as principal, and the Globe Indemnity Company as surety"; and, if it were found that "said funds did not belong at the time of the service of said writ of garnishments upon said garnishee to the Hudson Motor Car Company, then this garnishee be discharged with its costs herein; and garnishee further prays that it be allowed its costs and attorneys fees, that such attorneys fees be assessed as costs in this case," etc. The Federal Reserve Bank prayed "that it be fully protected and that the plaintiff be required to make such other parties as may be necessary to protect the garnishee from double liability and that if, upon final hearing, it be found that this garnishee is liable in any manner whatsoever on account of said writ of garnishment, that it be fully protected by the replevy bond filed by the said Hudson Motor Car Company, etc." No contests were made in the state court of the answers of the garnishees.

On July 27, 1925, the defendant motor car company removed the cause to the federal court for the Northern district of Texas, and on February 17, 1927, plaintiffs obtained judgment against it for "$4,449.84, with all costs." This was the same amount which the motor car company had on July 21, 1926, tendered to the plaintiff, which tender was refused. No court costs or attorney's fees for the garnishees were included in the bill of costs in that case. That judgment upon appeal by the plaintiff was, on March 9, 1928, affirmed by this court. Thereupon defendant paid the judgment with interest and all costs "shown by the clerk's fee book as having been incurred in the case and taxed as costs."

Appellant's bill of exceptions recites that "on May 12, 1930, attorneys for American Exchange National Bank of Dallas, now

known as The First National Bank of Dallas, and attorneys for Federal Reserve Bank of Dallas appeared in open court and requested the Court to allow to garnishees respectively attorneys' fees incurred by them in the garnishment proceedings, attorneys for other parties William Morris and Hudson Motor Car Company, also appeared. A hearing was had. At its conclusion a fee of Six Hundred Dollars was allowed to the American Exchange National Bank of Dallas, now known as The First National Bank in Dallas, and a fee of Eight Hundred Dollars was allowed to the Federal Reserve Bank of Dallas, and the Court made order taxing said fees against the plaintiff, William Morris."

Plaintiff excepted to this ruling, and prosecutes this appeal upon assignments of error as follows:

"1. The court erred in taxing any garnishees' fees against the plaintiff in this cause, it appearing that at the time of the institution of this suit the plaintiff had caused to be issued Writs of Garnishment against the Federal Reserve Bank of Dallas and the American Exchange National Bank of Dallas and it further appearing that the defendant in said original suit, Hudson Motor Car Company, had filed its replevin bonds and had replevied the monies and securities impounded in said garnishment by either of the garnishees.

"2. The court erred in taxing the garnishees' fees as costs against the plaintiff in this case, it appearing that the plaintiff had been successful in the prosecution of his original suit against the Hudson Motor Car Company, he having recovered a judgment against the Hudson Motor Car Company for the sum of $4,449.84, and all costs of suit which said judgment was affirmed by the United States Circuit Court of Appeals for the Fifth Circuit and that, therefore, the garnishees' fees, being a part of the costs, should have been taxed against the unsuccessful defendant, Hudson Motor Car Company."

The judgment appealed from in this instance recites that, "it appearing to the court that the service of said writ (of garnishment) had the effect of attaching certain funds in the hands of the garnishee; and it appearing to the court that the defendant, Hudson Motor Car Company replevied said funds; and it further appearing to the court that the garnishee, in accordance with the terms of said writ, duly answered the same; and it further appearing to the court that on account of said defendant replevying said funds, and by

virtue of the main cause of action having now been fully disposed of that said garnishee should be discharged; and it appearing to the court that the said garnishee is entitled to be paid reasonable compensation as attorneys fees," judgment was given, as above stated, "to be taxed as part of the costs in this cause against the plaintiff," etc., to which plaintiff excepted.

■■ It thus appears perfectly clear that the garnishees were not discharged because of the failure of the plaintiff to catch anything in their hands belonging to the defendant; in fact, by appearing and bonding the seizure, defendant motor car company necessarily admitted its ownership or interest therein. Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Davis v. McFall (Tex. Civ. App.) 168 S. W. 453; Texas Co. v. Disney (Tex. Civ. App.) 279 S. W. 280. On the contrary, the judgment now under review actually recites the seizure of the funds in their hands. The defendant and its sureties were parties before the court (Seinsheimer v. Flanagan, and Texas Co. v. Disney, supra), and the garnishment was ancillary to and a part of the main suit in which the plaintiff obtained a judgment originally for a sum of money "together with all costs of court in this behalf expended. * * *" This necessarily included all costs that were incident to the entire proceeding.

Appellees contend that, because no judgment was rendered against the garnishees, plaintiff should be taxed with these costs under article 4100 of the Revised Statutes of Texas, which reads as follows:

"Art. 4100. Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this chapter; where the answer is contested, the costs shall abide the issue of such contest."

■■ It is hardly necessary to say that, even if this section were controlling, the garnishees were not discharged upon their answers. The judgment specifically recited that the funds were seized and the banks were relieved, not because of their answers, but because the defendant had bonded its money. If the plaintiffs are to be held for such costs in these circumstances, the defendant could always force

them upon a plaintiff by the simple expedient of bonding the seizure. The rule is rather universal that the prevailing party in a lawsuit is entitled to his costs unless there is some statute or other provision having the effect of law, which makes it possible to impose them differently. The Baltimore, 8 Wall. 377, 19 L. Ed. 463; section 815, title 28, U. S. Code (28 USCA § 815); Crowe v. Peaslee-Gaulbert Co. (C. C. A.) 37 F.(2d) 216; article 2056, Rev. Stat. of Texas; Columbian Nat. Fire Insurance Co. v. Dixie (Tex. Civ. App.) 261 S. W. 174, 175 and Id. (Tex. Com. App.) 276 S. W. 219. The costs involved here were incurred before the tender was made, and, in addition, the judgment which imposed them upon defendant motor car company has long since become final. If the court below had the power upon rule to assess them some three years after the original decree was rendered, then we can see no reason why they should not be taxed in accordance with the law which governed at rendition of the judgment.

Appellee contends that the record brought up does not show the entire proceedings below, as to what facts and circumstances were before the court when it gave the judgment complained of. However, it does disclose all of the conditions above recited, and the pertinent facts are not disputed. It is simply a question of law as to whether these attorney's fees should be assessed against the plaintiff, who recovered a moneyed judgment against the defendant originally and for costs. We are clear that they should not. As to whether or not the garnishees are entitled to the allowance made, and whether, because of the fact that the defendant bonded the seizure a few days after it was executed, it was liable therefor, we think it sufficient to say that the attachment and garnishment were the basis of jurisdiction in the state court, and, having in effect been sustained, defendant was liable for all of the costs regularly incurred in obtaining that result. Large sums of money were seized in the hands of the garnishees, and it became necessary for them to employ competent counsel to protect their interests, and we do not think, under the circumstances, the allowances made below were unreasonable.

The judgment appealed from is reversed, with instructions to the lower court to tax these costs against the defendant, Hudson Motor Car Company, and the sureties on its replevin bond.