## CAPLES v. COLE.

### No. 4995.

Court of Civil Appeals of Texas. Texarkana.

Oct. 14, 1936.

Rehearing Denied Nov. 19, 1936.

Jno. T. Gano, of Houston, for plaintiff in error.

Bramlette & Levy, of Longview, for defendant in error.

SELLERS, Justice.

M. T. Cole, as plaintiff, brought this suit in the district court of Gregg county in trespass to try title against W. J. Caples as defendant. To this action the defendant answered and by cross-action pleaded title to the land involved which is 39.5 acres known as the "Little A. Park Survey" located in Gregg county. The plaintiff answered the cross-action by general demurrer, general denial, and plea of not guilty, and took a nonsuit as to his cause of action for the land. The parties went to trial before the court without a jury upon the cross-action of defendant, and, at the close of the evidence and argument of counsel, the court entered judgment against defendant on his cross-action. From this judgment the defendant has prosecuted a writ of error to this court.

Plaintiff in error's, as well as defendant in error's, claim of title to the land is by virtue of an act passed by the Forty-Second Legislature known as House Bill No. 358 (chapter 271 [see Vernon's Ann.Civ. St. art. 5421c]). By the terms of this act all lands heretofore set apart to the public free school funds and all the unappropriated and unsold domain of whatever character, except riverbeds, lakes, and bays, are made subject to control and sale according to the provisions of the act. The defendant in error, M. T. Cole, on June 17, 1931, made application to the Commissioner of the General Land Office to purchase the land, and a patent was issued to him on August 19, 1931. Plaintiff in error, W. J. Caples, on September 10, 1931, filed with the County Surveyor of Gregg County an application for a survey of the land for the purpose of purchasing, or, in the alternative, for leasing it for oil and gas purposes. This application was thereafter filed in the General Land Office on January 7, 1932, and was rejected by the Land Commissioner on Setember 21, 1933, for the reason that the land had already been patented to M. T. Cole, defendant in error.

Plaintiff in error's controlling assignment of error is to the effect that at the time defendant in error filed his application with the Land Commissioner and at the time the patent was issued to him

the Mineral Act, above mentioned, under which they both claimed, had not gone into effect. This contention is based upon the theory that the act did not pass the Legislature with emergency clause, that is, in compliance with the constitutional provision placing the act into immediate effect after its passage, but, on the contrary, the act took effect 90 days after the adjournment of the Legislature. The act of 1931 under consideration was enacted at the Regular Session of the Forty-Second Legislature. The caption of the act has the recitation "declaring an emergency." The body of the act in section 14 contains an emergency clause and expressly provides: "That this Act shall take effect and be in force from and after its passage, and it is so enacted." The act originated in the House and passed that body by viva voce vote. It was then sent to the Senate, where the act was amended and passed as amended by a yea and nay vote of 31 yeas and no nays. The bill was then returned to the House where the Senate's amendments were concurred in by the House by a yea and nay vote of 103 yeas and no nays. The Regular Session of the Legislature adjourned on May 23, 1931, and the act was approved by the Governor of the state on May 29, 1931. The act, it appears, passed the Legislature with the requisite vote to put it into immediate effect, unless, as contended by plaintiff in error, the yea and nay vote by the House in concurring in the Senate amendments is not sufficient to comply with the constitutional provisions in order for the Act to become immediately effective. The constitutional provision (article 3, § 39) is as follows: "No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each house, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals." Plaintiff in error contends that under this provision of the Constitution, the act involved, in order to become immediately effective, would have had to pass the House on its third reading by a two-thirds yea and nay vote. This contention is supported by an opinion by the Fort Worth Court of Civil Appeals in the case of Wilson v. Young County Hardware & Furniture Co., 262 S.W. 873, in which case the Supreme Court denied a writ of error. Defendant in error contends that the House, by concurring in the Senate amendments by a two-thirds yea and nay vote, which vote was entered upon the Journal, was a compliance with the above provision of the Constitution and had the effect of placing the law into immediate effect. This contention is supported by an opinion by the Court of Criminal Appeals in the case of Ex parte May, 118 Tex.Cr.R. 165, 40 S.W.(2d) 811. In this case Chief Justice Morrow, who delivered the opinion of the court, points out that the Wilson Case, supra, cannot be regarded as conclusive authority upon the subject for the reason that the decision of the question was admittedly not necessary to the disposition of that appeal. He then reviews the authorities supporting both contentions and arrives at the conclusion that the provision of our Constitution is complied with only after a bill in its final form is passed by both branches of the Legislature by a two-thirds yea and nay vote of all the members of each House. We are of the opinion that the Court of Criminal Appeals has correctly interpreted the constitutional provision, and, in accordance with this view, we hold that at the time the application of defendant in error was made to the Land Commissioner and the patent issued to him thereon, House Bill No. 358, known as the 1931 Mineral Act, now article 5421c, was in full force and effect.

Plaintiff in error makes the proposition that the land involved at the time of defendant in error's application had not been legally surveyed, and, therefore, was not subject to his application to purchase the land, but was subject to plaintiff in error's application to lease the land for oil and gas purposes. We do not pass upon the validity of the survey for the reason that the patent is evidence of title to the land in defendant in error, and plaintiff in error could recover the land only upon a showing of a prior legal or equitable right to it, which he has wholly failed to do. Woods v. Durrett, 28 Tex. 429, 430.

Finding no error in the record, the judgment is affirmed.